ALBANY,
August, 1811.

CRAWFORD
v.
MORRELL.

―――

## CRAWFORD and others, Executors of CRAWFORD, against MORRELL.

IN *error*, from the court of common pleas of *Orange* county.

The defendant in error, brought an action of *assumpsit*, against the plaintiffs in error, as executors of *David Crawford*, deceased, in the court below. The second count in the declaration was, as follows : " And whereas also, afterwards, in the life-time of the said *David*, to wit, on the 9th of *May*, 1802, at *W.*, &c. a certain discourse was had and moved between the said *David Crawford* and *John Morrell*, touching and concerning a certain road, before that time laid out and regulated by the commissioners of highways of, &c. and a certain ferry, leading from the *Goshen* road, so called, through the land of the said *John*, in, &c. to the east bank of the *Wallkill*, near, &c. being two rods wide, which said road, before then, and after it was so laid out, by the said commissioners and jury, to wit, on the 19th of *April*, 1802, had been, in due form of law, altered, by three of the judges of the court of common pleas of the said county, on an appeal to them, made by the said *John*, from the decision of the said commissioners and jury, &c. and the said decision, &c. was in due form of law reversed and annul-

A contract must be proved as laid in the plaintiff's declaration. He cannot give in evidence an *entire* contract relating to two distinct subjects, when he declares only as to one of them.

Where the plaintiff declared on a contract by which the defendant agreed to pay him a certain sum, for *half* the land taken for a certain road; and the contract proved at the trial was, that the defendant was to pay for *all* the land, the variance was held fatal.

If part of one entire contract be illegal and void, the whole is void.

Where the plaintiff declared on a parol contract to pay him for certain land given for a public highway; and the contract proved was, that the defendant was to pay the plaintiff, not only for the land given for the highway, but also for a distinct and separate piece of land; it was held that the latter part of the contract being void by the statute of frauds, the whole, being an entire contract, was void.

led, &c. by reason whereof, the said *David* was deprived of the use and enjoyment of the said road, &c. and became desirous that the said *John* should, for the benefit and advantage of the said *David*, permit the said road, so far as it extended through the lands of the said *John*, to continue and remain open, &c. And it was then, &c. at the special instance and request of the said *David*, agreed and promised, by and between the said *David* and *John*, that the said *John* should suffer and permit the said road to remain open, &c. for the benefit and convenience of the said *David*, &c.; and that the said commissioners might lay out the said road, over and through the lands of the said *John*, as aforesaid, and that the same might, in due form of law, be recorded as for a road, &c. And the said *David*, on his part, agreed to pay to the said *John*, at the rate of 18 dollars and 75 cents, for the one half of the land included in the said road, so far as the said road extended across the lands of the said *John*, so soon as the same should be again laid out by the said commissioners, &c. And the said *John* avers that the one half of the lands so included in the said road, extending across the lands of the said *John*, is one acre and a half, amounting to 28 dollars and 12 cents. And the said *John* further avers that he hath in all things well and truly kept, fulfilled and performed all things in the said agreement, on his part, &c.; and that afterwards, in the life-time of the said *David*, to wit, on the 9th *May*, in the year aforesaid, in pursuance of the said agreement, did permit and allow the said road to be, remain, and continue open, &c.; and that the said road, in the lifetime of the said *David*, was laid out anew, &c.; and was, in due form of law recorded, &c. Nevertheless," &c.

The defendant pleaded, 1. *Non assumpsit* by the testator; 2. *Plene administravit, præter* 75 dollars; on which there was a judgment of *assets quando acciderint*. On the second plea a verdict was found for the plaintiff

for 48 dollars and 11 cents, on which judgment was ren-
dered by the court.

The defendants below tendered a *bill of exceptions*,
which stated, that the plaintiff gave in evidence, that in the
spring of 1802, the road mentioned in the second count
of the declaration, was laid out by the commissioners
and jury; and that their determination relative to the
said road, on appeal to the judges of the court of com-
mon pleas, was reversed. And that, afterwards, the
testator, in consideration that the said *John* would per-
mit the road to be again laid out by the said commission-
ers, and suffer it to remain open for a road, undertook
and promised to pay the said *John*, at the rate of 18
dollars and 75 cents per acre, for *all the lands* of the said
*John*, included in the said road; and that the lands in-
cluded in the said road, were two acres and a half; and
that the road was laid out, &c. That the witness, on be-
ing cross-examined, said, that the said *David* also agreed
to pay to the said *John*, at the same rate, for certain
lands in the possession of the said *David*, of which the
said *John* claimed to be the owner, and which were se-
parate from the farm of the said *John*, and that the
whole was one entire agreement.

The defendants offered to prove that the plaintiff had
no title to the land; and that the road had been used as
a public road for 20 years, before the 21st *March*, 1797,
but this evidence was overruled by the court.

The errors assigned were, 1. That the contract stated
in the second count was illegal and void, for want of
consideration; and against the policy of law, as uncon-
scientious and founded in extortion.

2. That the plaintiffs below were bound to produce the
record of the determination of the commissioners, and
the record of the decision of the judges of the court of
common pleas reversing the first determination of the
commissioners.

3. That it appeared from the evidence, that the con-

tract set forth in the second count, was *part* of an *entire* agreement, set forth in the first count, and that part being void by the statute of frauds, the whole was void.

4. That there was a *variance* between the contract laid in the declaration, and the one proved at the trial.

5. That the evidence offered by the defendant below, and rejected by the court, ought to have been received as an absolute bar to the action.

6. That the verdict was erroneous; as the plaintiff avers that he was entitled to receive, by virtue of the contract, 28 dollars and 12 cents ; and the verdict was for 48 dollars and 42 cents.

*J. Duer*, for the plaintiffs in error.

*Fisk*, contra.

*Per Curiam.* The 3d and 4th objections taken to the legality of the recovery below, are equally well founded. The contract proved, varied from the contract laid, inasmuch as the contract proved was, that the testator was to pay for all the land included in the road, and the contract as laid was, that he was to pay for one half. This variance was material and fatal. A contract must be proved as laid, and the plaintiff cannot give in evidence an entire contract, relating to two subjects, when he declares for one. (1 Ld. *Raym.* 735. 1 *Term Rep.* 240. 1 *East*, 1. 1 *Campb. N. P.* 361.) The contract as proved was, that the testator was to pay, not only for the land included in the road, but for other lands in possession of the testator, and claimed by *Morrell*. This was part of the same contract, and this last part was void by the statute of frauds ; and if part of one entire contract be illegal and void, the whole is void. (*Crater* v. *Beckett*, Term *Rep.* 201.) The judgment below must be reversed.