[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 366 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 367 
The judgment rendered in favor of the plaintiff in this case must be reversed for errors committed on the trial, in admitting testimony to prove the value of the property sold or exchanged by each party to the other, and also in the charge of the judge upon the rule of damages to be adopted by the jury in making up their verdict. The defendant's counsel objected to the evidence offered on the part of the plaintiff to prove the value of the property transferred by him to the defendant. The court overruled the objection and allowed the evidence to be given, and the defendant's counsel duly excepted. The court also charged the jury, that if they found from the evidence the agreement was that the plaintiff should sell to the defendant the farm described in the two land contracts, and the defendant should convey to him therefor the piece of land of about *Page 368 
18 acres and pay the money mentioned by the witnesses, and also turn out and give to him a valid debt against Campbell secured upon the carding machine property; and that the plaintiff had fully performed the contract on his part, but that the defendant had unreasonably neglected to perform on his part by ommitting to transfer the debt secured upon the carding machine property to the plaintiff, in that case, the defendant would be liable to pay the plaintiff the value of the farm described in the contracts with the crops growing thereon, as it was sold by the plaintiff to the defendant, after deducting therefrom the amount due on the contracts to the land office, the money paid by the defendant to the plaintiff in part performance of the agreement, and the value of the land conveyed by the defendant to the plaintiff; and that for such balance of the value of the farm, after such deductions were made, the plaintiff was entitled to their verdict in the action. An exception was duly taken by the defendant's counsel to this charge.
I am satisfied that the judge errred in allowing the testimony to be given of the value of the property, and also in the charge thus given to the jury. The parties had by their agreement fixed an estimate and value upon the property which each sold and transferred to the other; it was not, therefore, in the province of the court and jury to make a new contract for the parties or fix a new price upon their property for them.
The plaintiff seeks by his complaint in this action to recover against the defendant for real estate sold and transferred to him at his request. It is entirely clear, from the testimony, that the plaintiff fully performed the agreement on his part by transferring the contracts held by him for the farm he let the defendant have with the crop growing thereon. The defendant took possession of the property and the land contracts were assigned and delivered over to him by the plaintiff. The plaintiff took a conveyance from the defendant of the 18 acres of land, and received payment *Page 369 
otherwise, according to the terms of the agreement, except the amount of the debt which he was to have of the defendant against Campbell, to be secured on the carding machine property. It was not pretended on the trial that the agreement between the parties had not been fully performed on both sides, except as to the non-payment of the eight hundred dollars which the plaintiff was to receive in the debt against Campbell, to be secured as above stated. If the plaintiff has not been paid in full the price of his property as agreed upon between the parties, I have been unable to find in the case any valid reason why he should not recover the amount remaining unpaid. The defendant has the property sold and transferred to him by the plaintiff, and if it has not been paid for according to the terms of the agreement, justice requires that it should be. According to my view of this case, the true question in dispute is, whether the defendant has paid for the land and property sold and transferred to him by the plaintiff according to the terms of the agreement. The trial of that question in no manner involved an inquiry into the value of the property which each party transferred to the other under their agreement. If the defendant agreed to transfer a debt of eight hundred dollars to the plaintiff against Campbell, secured on the carding machine property, in part payment for the plaintiff's farm, and unreasonably neglected or refused to make such transfer, or if no such valid debt existed against said Campbell which could be thus transferred, then it is quite evident that the defendant must be liable to the plaintiff in that amount for the balance justly due to him for his farm and crops sold to the defendant. No time was fixed by the agreement for the transfer of the debt against Campbell to the plaintiff; in such case the law requires it to be done in a reasonable time. (Chitty on Contracts, 730, and note.) It is quite apparent from the proof that no such debt ever legally existed against Campbell, hence the defendant could not make the transfer to the plaintiff. *Page 370 
The agreement between the parties having been executed and fully performed by the plaintiff, he could recover the balance due from the defendant, if any such balance existed, under a complaint containing only the common counts for real estate sold. It is not necessary in such a case to declare specially upon the agreement where it is not under seal. A party may recover under the common counts in assumpsit the stipulated price due on a special contract not under seal, when such contract has been executed. (Feeter v. Heath, 11 Wend., 477.) In the case of the Bank of Columbia v. Patterson (7 Cranch, 299), the court say, it is incontrovertibly settled that indebitatusassumpsit will lie to recover the stipulated price due on a special contract not under seal, which has been executed. The following cases are to the same point: (Jewell v. Schroeppel,
4 Cow., 564; Williams v. Sherman, 7 Wend., 109; Hess v.Fox, 10 Wend., 436; 2 Phillips' Ev., 109; Clark v.Fairchild, 22 Wend., 576.) This is not a case where the plaintiff can rescind the contract and recover back the price paid to the defendant, or the value of the property which he let the defendant have. Much of the argument of the defendant's counsel is directed to this point in the case. The plaintiff made no such case by his proof, and it appears quite manifest that each party must retain the property obtained under the agreement, at the price and upon the terms stipulated between them. If the defendant has failed to pay the plaintiff the amount he agreed to pay for the farm sold and transferred to him, this action can be maintained to recover the amount due at the time it was commenced. The true questions in the case are, whether the defendant has paid the plaintiff for his property, and if not, whether the plaintiff has in any measure discharged the defendant from his liability to pay the eight hundred dollars claimed to be due and unpaid.
The judgment must be reversed and a new trial ordered on the grounds above stated: 1. For the error in admitting *Page 371 
evidence to establish the value of the property; and 2. For the error in the charge of the judge to the jury as above stated.