By the Court, Mullin, J.
For the purposes of this appeal we must assume the facts offered to be proved ■ to have been proved as fully as they were stated. The facts then are, that the defendant agreed by parol to sell and convey to the plaintiff a house and lot, and to perform certain labor thereon necessary to complete the house, for the sum of $1,500, which the plaintiff agreed to pay. The defendant has conveyed, but not performed the labor in accordance with his contract. The plaintiff, on his part, has done what he contracted to do.
The only legal question arising on these facts is, whether the contract relating to the work to be done on the house is within the statute of frauds. If it is, the plaintiff cannot recover. That the whole contract was void at the time it was made, being for the sale of an interest in land, and not in writing, is conceded. But it is insisted that inasmuch as the land has been conveyed, the residue of the contract, relating to the work on the house, was not required to be in writing, and may therefore be enforced as effectually as if it had never ¿been connected with the clause of the agreement relating to the sale of the land. It is well settled, both in this country and in England, that if one part of an entire contract is void by the statute of frauds, the whole is void. (2 Pars. on Cont. 298, 299. Irvine v. Stone, 6 Cush. 508. Mayfield v. Wadsley, 3 B. & Cr. 357. Wood v. Brisbin, 2 Cr. & Jer. 94. Rand v. Mather, 7 Law R. 286. Van Alstine v. Wimple, 5 Cowen, 162, and cases cited.) It is undoubtedly true that when an agreement to convey land is executed by the vendor, he may sue *250 and recover the price, although the agreement to pay is not in writing. (Bowen v. Bell, 20 John. 338. Worral v. Munn, 1 Seld. 229. First Baptist Church of Ithaca v. Bigelow, 16 Wend. 28. Fenly v. Stewart, 5 Sandf. 101. Thomas v. Dickinson, 12 N. Y. 364.) He may do this because, 1st. The agreement of the purchaser is not required by the statute of frauds to be in writing. It is enough if it be signed by the vendor. 2d. The purchaser having got the land, the law implies a promise to pay for it. Hence, under our former system of pleading, the plaintiff could not declare on the express contract, but was bound to declare on the common counts. (2 Pars. on Cont. 315, 316, and cases cited in notes. Thomas v. Dickinson, 12 N. Y. 364.) This action is not to recover purchase money, and hence this principle does not help out the case. There are cases in which it has been held that when a contract, which is void by the statute of frauds for not being in writing, contains a provision by which one or other of the parties has contracted to do or not to do some act or series of acts, the agreement to do or not to do which the law does not require to be in writing, in order to be valid, such agreement may be the ground of an action, when it can be separated from that part of the contract that is made void because not in writing. (2 Pars. on Cont. 298, 299. Baldwin v. Palmer, 10 N. Y. 232.) It is only necessary to read the contract offered to be proved, to discover that the clause relating to the work on the house is inseparable from the part relating to the sale of the land. The price paid covered the value of the land and the work to be done, just as the agreement in Baldwin v. Palmer (cited supra) embraced both the sale of the land and the payment of the incumbrances. In that case the plaintiff purchased of the defendant by parol, his interest in certain lands in the city of New York, held by contract from Orter and others; the plaintiff paid for the' land and took a deed. The lands were incumbered, *251 which incumbrances the plaintiff had to pay, whereupon he sued the defendant and claimed to recover upon proof that it was a part of the parol contract that the defendant should pay the incumbrances. The plaintiff was nonsuited on the ground that the contract was void by the statute of frauds, notwithstanding the part of the parol contract relating to the purchase and sale of the land had been fully performed. The case was taken, by appeal, to the Court of Appeals, and the judgment was there affirmed. Crippen, J., declaring the opinion of the court, says: “Although the agreement has been executed between the parties, so far as to consummate the sale by a conveyance and the payment, yet a voluntary part performance of a contract originally void, is not a ground for a compulsory performance of the residue of the same contract. The party sought to be charged is still at liberty to raise the objection in a court of law.” Again, he says: “ Van Alstine v. Wimple, (5 Cowen, 162,) was quite as strong, if not a stronger case for the plaintiff than this, and there it was held as settled law, upon the authority of Lexington v. Clarke, (2 Vent. 223;) Chater v. Beckett, (7 T. R. 201;) and Crawford v. Morrell, (8 John. 253,) that though part of a contract, which was void by the statute of frauds, had been actually performed, yet another part of the same contract, forming one entire agreement, could not be separated from the rest, and be the subject of an action, either on the agreement or on the money counts.”
The provisions of a contract not required to be in writing by the statute of frauds, cannot be separated from those which are required to be in writing, so as to be the basis of a recovery in an action at law, unless they are supported by a separate and distinct consideration. While both rest upon the same consideration, the provisions are inseparable and void. The cases apparently conflicting can all be harmonized upon applying to them this test. In Lexington v. Clarke, (2 Vent. 223,) the *252 defendant, in consideration that the plaintiff would permit her to continue to occupy the premises then in her possession, which had been rented by her former husband, and at the expiration of her term, to remove certain posts, rails, &c., promised by parol to pay a balance of rent due from her husband, and a certain sum of money in addition thereto. She paid the money due from her former husband. The action was brought to recover the further sum agreed to -be paid. The court held the agreement void. The promise to pay both sums of money was supported by the same consideration. In Chater v. Beckett, (7 T. R. 201,) the defendant, in consideration that the plaintiff would stay proceedings on a oa. sa. against one Harris, and would accept of bills drawn or accepted by the defendant, promised to pay certain expenses incurred by the plaintiff preparatory to instituting proceedings in bankruptcy against Mm, and also fifty per cent of the debt due by Harris to the plaintiff. The action was brought to recover the expenses, the debt of Harris having been paid.. The plaintiff was nonsuited. The court held the contract void, as the agreement to pay the expenses could not be separated from that to pay the debt of Harris, and as the latter was void, the whole was void, not being in writing. There was but a single consideration for both promises. In Crawford v. Morrell, (8 John. 253,) it appeared that the defendant desired to have a road over the land of the plaintiff’s testator, and it was agreed between them, by parol, that, in consideration that the testator would assent to the laying out of the road, the defendant would pay for the land taken, at a certain price per acre, and also for another and distinct parcel of land the same price per acre. The- road was laid out, and the plaintiff sued to recover for the land taken for the road. There was a verdict and judgment for the plaintiff. The judgment was reversed on two grounds: one was a variance' between the declaration and the *253 proof, and the other, that the agreement to pay for another and different piece of land taken for the road, was void, not being in writing; and as part of the agreement was void, the whole was void.
If there is any case in which an action may be maitftained upon a provision of. a contract which is void by the statute of frauds, but which provision, if standing alone, would not be void, the judgment in the case last cited, is erroneous. The court tacitly concedes that the action could have been maintained for the land taken for the road. The testator had fully performed Ms part of the agreement, in yielding to the appropriation by the commissioners of the land for the road. This was equivalent to a conveyance, witMn aE the cases, and an action for the price could be maintained. The part of the agreement relating to the payment of the other land, was clearly void, as it was not in writing. But that part of the agreement had no connection with that relating to the land taken for the road, except that it was made at the same time. The land taken for the road, was to be paid for by the acre; the other land was also to be paid for by the acre. The considerations were entirely separate and distinct; each part of the agreement was supported by a consideration of its own ; and if there is any case in which the parts of a parol agreement, not required to be in writing, can be separated from those wMch are required to be in writing, and void because they are not, the case cited is one. It may be that the consent of the testator to aEow the road to be laid out, may have formed part of the consideration for the agreement to pay for the other land; if so, the clauses were not sev- ' erable, and the decision was right. But I do not find in the statement of the case, any fact wMch would justify such an inference. That clauses of a parol contract vaEd in law, although not in writing, may be separated from others in the same contract, void because not in writing, is held in the following cases: Mayfield v. *254 Wadsley, (3, B. & C., 357;) Wood v. Brisbin, (2 Cr. and Jer., 94;) Rand v. Mather, (7, Law Rep., N. S., 286.) The principle is distinctly asserted in a great number of other cases, referred to in the ca'ses cited. (See also, Irvine v. Stone, 6 Cush., 508, and cases cited.) I will refer to but a single case of the number cited, in illustration of the principle I have stated. In Wood v. Brisbin, (6 Cr. and Jer., 94,) the defendant gave the plaintiff a writing by which he promised to pay the directors of the Manchester Gas Works, for all gas which might be consumed in the Minor theatre, and by the lamps outside, while occupied by his brother-in-law; and also to pay all arrears then due. The objection taken on the trial, to a recovery, was, that the last clause was void, because no consideration was stated for the undertaking to pay the brother-in-law’s debt, as required by the statute of frauds, the whole agreement was void, and because there could be no recovery for the gas furnished after the delivery of the guarantee. The court held that the clauses were severable, and that the plaintiff could recover for the gas subsequently furnished. The judges undertook to reconcile the decisions in 2 Vent., 7 Term Rep., and others above cited, with the decision in the case before them, on the ground that in those cases there was no count in the declaration on which the plaintiff could recover. But I think the true distinction is, that in those cases, the several clauses of the agreement were supported by one and the same consideration. The case of Irvine v. Stone, (6, Cush., 508) is one of a class of cases which would, at first blush, appear to be in conflict with those cited; as holding, that when the clauses of a parol agreement, some of which are required to be in writing and some are not, in order to be valid, are supported by separate considerations, the clauses may be separated and an action maintained on those which are valid. In that case the defendants agreed, by parol, to purchase of the plaintiff a quantity of coal, which *255 the plaintiff agreed to ship to the defendant at Boston ; the defendant to pay a price named for the coal, and also the freight, which the plaintiff should pay thereon. The action was brought to recover the price of the coal, and also the freight. The court held that the plaintiff was not entitled to recover for either coal or freight; not for the coal, because the contract was not in writing, and not for the freight, because it was a part of the same contract with the coal; and the one being void, both were void. In this case each clause was supported by a distinct consideration. But the court says, that both clauses related to the same subject matter. The agreement to pay freight would not have been made if there had not been an agreement to purchase the coal, and to enforce either, without the other, would be unjust to the defendant.
I think it will be .found that in all cases of parol agreements, parts of which are void by the Statute of frauds, and parts of which are valid, although not in writing, actions may be maintained upon those clauses which would be valid if they stood alone, when they are supported by a consideration separate and distinct from that which supports the void provisions; unless the provisions are so connected that it is obvious that if the parties could have anticipated a separate liability on each, the contract would not have been made. Allen v. Aguirre, (3 Seld. 543,) is not in conflict with the views above advanced. In that case, the plaintiff purchased of the defendant, by parol, a large quantity of damaged raisins, which were delivered and paid for. It was a part of the agreement of purchase that the defendants would pay to the plaintiff what return duties they should recover from the government, by reason of the injury to the raisins. The defendants received some $862 from the government, and which the plaintiff claimed to be entitled to under the agreement, and the action was brought to recover this sum. The plaintiff had judgment, *256 and it was affirmed in the Court of Appeals. The contract for the purchase of the raisins, when made, was void, by the statute of frauds, the price being more than $50, without earnest or delivery. Hence the promise to pay the duties was a part of a void contract, when made. But the property being delivered and paid for, the whole agreement was taken out of the statute, and every clause of it was thereafter valid and binding. Indeed it cannot be said that there was a contract of sale before the delivery of the goods and payment of the price ; so that the case is not an authority for or against the plaintiff’s claim in this case.
(Onondaga General Term,
June 27, 1865.
Mullin, Morgan, Bacon and Foster, Justices.]
In the case before us, the two clauses of the parol agreement were not only supported by one and the same consideration, but the clauses cannot be separated, even if they were supported by separate considerations. Thé agreement to finish the house would never have been made if there had not been an agreement to sell the premises.
In no aspect of the case can the action be maintained. The judgment must therefore be affirmed.
Foster, J., dissented.
Judgment affirmed.