JACOB S. FRIEDMAN, JR., AS GENERAL ASSIGNEE, ETC., RESPONDENT, v. ISAAC BIERMAN AND OTHERS, APPELLANTS.

*Note given by a husband to his wife for money loaned — void when part of the consideration is an agreement to live apart — requests for findings of fact as provided in Code of Civil Proceedure, section 1023 — when they may be passed on by the referee after the delivery of his report — they must state propositions of fact, and not the evidence tending to establish them.*

This action was brought by the plaintiff, as the general assignee of one Morris King, to recover property seized under an attachment issued in an action brought by the defendants, judgment creditors of King, against King. The defendants claimed that the assignment was fraudulent and void as to King's creditors. By the assignment, the wife of the assignor was preferred in the amount of a promissory note given by the assignor to her for $3,000, dated January 3, 1882.

The referee, before whom the action was tried, found, as to this note, that in May, 1881, the wife commenced an action against King for divorce; that at that time they were, and for six months had been, living apart from each other; that in the same month it was agreed that the action should be discontinued; that they should live separate and apart from each other, and that, in consideration thereof, he would pay her $3,000; that the action was thereupon discontinued and the money paid to the wife; that she deposited the money in a bank; that during the latter part of 1881 the wife visited her husband in Indiana, where he was carrying on business; from that State they returned to Ballston as husband and wife, and were living together on January 1, 1882, when she loaned the $3,000 to her husband, who, a few days afterwards, gave to her the note in question, dating it January 2, 1882; and that they still continue to live together as husband and wife.

The referee was requested to find that the note was not a valid claim against the assignor.

*Held,* that the referee erred in refusing to do so.

That even if it were assumed that the action for divorce was commenced in good faith and upon reasonable grounds, and that the agreement to discontinue it furnished a meritorious consideration for the note, yet as the wife was subsequently, at her own solicitation, restored to her proper marital relations, the consideration for the money paid failed.

That as the agreement to live separate and apart from each other, which was a part of the entire consideration, was an illegal one, the whole agreement was void.

Upon the submission of the case to the referee, the attorney for the defendants submitted to him a statement of the facts which he deemed established by the evidence, with a view of obtaining his rulings upon them, as provided by section 1023 of the Code of Civil Procedure. This paper having escaped the notice of the referee until after he had made and delivered his report, he, on his attention being called to it, noted on the margin thereof the disposition he made of each proposition and delivered it to the defendants' attorney, who inserted the same, with his exceptions to the adverse rulings of the referee, in the appeal book as part of the case and exceptions.

*Held*, that the requests and refusals of the referee, and the defendants' exceptions to them, were properly brought before the Appellate Court.

The court, after referring to the language used in the said section 1023, requiring the attorney to present, in the form of " distinct propositions of fact," a " statement of the facts which he deems established by the evidence," and saying that the propositions must be in the form of facts established, and not in the form of the evidence tending to establish them, and stating that it would be hazardous to attempt to formulate any general rule beyond what the present case strictly required, proceeded to consider the requests made in this case, and held that as to some of them the referee erred in refusing to pass upon them upon the ground that they were findings of evidence merely.

APPEAL from a judgment in favor of the plaintiff, entered in Fulton county, upon the report of a referee.

*Moses R. Crow*, for the appellants.

*C. M. Parke*, for the respondent.

LANDON, J. :

The defendants are judgment creditors of Morris King, and the plaintiff is his general assignee for the benefit of creditors. The assignment was made December 8, 1883. The defendants afterwards brought their action against King, and on the 7th day of January, 1884, caused to be seized upon attachment some of the assigned property, which, upon perfecting judgment, was afterwards sold upon execution.

The plaintiff brought this action to recover for the goods thus seized. The defendants answered alleging that the assignment was fraudulent against creditors. The referee found for the plaintiff. The assignment, among others, preferred the wife of the assignor in

the amount of a promissory note given by the assignor to her, dated January 3, 1882, for $3,000 and interest.

The questions presented by this appeal are whether the findings and rulings of the referee were so far erroneous as to improperly prejudice the defense. The evidence on the part of the defendants tended to show that Morris King, the assignor, prior to June, 1881, had lived in Ballston Spa with his wife; that he had been engaged in business there, but then went to the State of Indiana, where he engaged in business, but returned to Ballston in the latter part of December in the same year; that at the date of his note to his wife he was indebted to Pohly & Co., of which firm his assignee was a member, in some sum not stated; also to Schattman Brothers in about $1,000; that he was destitute of means except the $3,000 which he obtained from his wife; that he settled with Schattman Brothers; that some time afterwards he engaged in the ready-made clothing business at Gloversville; that he bought goods largely upon credit, and, in order to obtain some of the credits given him, made false representations in regard to the amount of his property and indebtedness.

The referee found that in August, September and October, previous to his assignment, his purchases upon credit were larger than he was accustomed to make. The evidence tended further to show that after the assignment, though others were nominally placed in charge of the assigned property, the assignor was retained by the assignee, and permitted by him to have the same control and management of his store, until the defendants levied their attachment, as before; that the assignee when inquired of by a creditor respecting the assignment spoke of himself as a mere figure head in the matter; that the assigned property was not more than sufficient to pay the preferred creditors, of whom the assignee was one. The assignor was not examined as a witness.

The facts respecting the $3,000 note to the assignor's wife were found by the referee substantially as follows: In May, 1881, the wife of the assignor commenced an action against him for divorce. They were then living apart from each other and had been for six weeks. In the same month it was agreed between them that the action should be discontinued; that they should live separate and apart from each other, and that in consideration thereof

the husband should pay his wife $3,000; whereupon the action was discontinued and he paid her $3,000. She deposited the $3,000 in bank, and it remained there until January 1, 1882, when she loaned it to her husband, who a few days afterwards gave to her the promissory note in question, dating it January 2, 1882. During the husband's absence in Indiana, the wife remained in the same house they had occupied together in Ballston. In the latter part of the year 1881, she visited him in Indiana, they returned to Ballston as husband and wife, and were living together as such when the note was given, and continue so to live. The referee was requested to find that the wife *returned* the $3,000 to her husband, but he struck out the word *returned* and inserted the word *loaned* in its place. He was requested to find that the note given to the wife was not a valid claim against the assignor, but he refused. We think this was error. Whether the action for divorce was commenced in good faith and upon reasonable grounds, and how far it had proceeded, the case does not show.

If the action had been commenced in good faith and upon reasonable grounds the agreement to discontinue, standing alone, would perhaps have been a meritorious consideration for the $3,000. (*Adams* v. *Adams*, 91 N. Y., 381.) When the wife parts with such a cause of action to her prejudice she may properly be paid for it, but when she parts with it, and at her own solicitation subsequently is restored to her proper marital relations, what seemed to be to her prejudice is really to her advantage, and the consideration for the money paid fails. But the agreement to live separate and apart from each other was part of the entire consideration, and this was an agreement condemned by public policy, and was, therefore, a vicious consideration. (*Rogers* v. *Rogers*, 4 Paige, 516.) Besides, the agreement to live separate and apart will be considered as rescinded if the parties live together again as husband and wife. (*Carson* v. *Murray*, 3 Paige, 483; *Shelthar* v. *Gregory*, 2 Wend., 422.) The consideration being entire and part being void, because of its original vice, the whole is void. (*Crawford* v. *Morrell*, 8 Johns., 253; *Thayer* v. *Rock*, 13 Wend., 53; *Baldwin* v. *Palmer*, 10 N. Y., 232; *De Beerski* v. *Paige*, 36 id., 537; *Saratoga Co. Bank* v. *King*, 44 id., 87; *Dow* v. *Way*, 64 Barb., 255.) When the wife returned the $3,000 to her husband she returned

the consideration of the void contract, and the money became her husband's. The note subsequently given by him was void. The $3,000 were not given by the husband to the wife as a gift, and the note which he gave his wife cannot be upheld as a gift. ( *Whitaker* v. *Whitaker*, 52 N. Y., 368.)

It is not necessary to say that the preference given to this invalid note would vitiate the assignment. It may have been preferred in entire good faith. But if the referee had found that it was void, we do not know but that conclusion, taken in connection with the other evidence in the case, would have turned the scale in favor of the defendants. There was some evidence tending to show that the giving of the note was an afterthought. That afterthought may have embraced the possibility of some such assignment as this, and the scheme may have been to save to the assignor in any event the $3,000 by charging it upon the property turned over to his creditors. The referee, by holding the note valid, did not have occasion to consider this aspect of the case.

Upon the submission of the case to the referee, the attorney for the defendants submitted to him a statement of the facts which he deemed established by the evidence, with the view of obtaining his rulings upon them, as provided by section 1023, Code of Civil Procedure. It seems that this paper escaped the notice of the referee until after he had made and delivered his report. His attention then being called to the omission, he noted in the margin the disposition he made of each proposition and delivered it to the defendants' attorney, who inserted the same, with his exceptions to the adverse rulings of the referee, in the appeal book as part of the case and exceptions. We think the defendant cannot be deprived of the right given him by this section by the mere inadvertence of the referee. Besides, the referee did not wholly discharge or exhaust his functions with respect to the case until he noted his disposition of these propositions.

The requests and responses of the referee, and the defendant's exceptions to them, are properly before us. The referee, however, in response to certain propositions, marked them, "refused as a finding of evidence merely." The section cited requires the attorney to state in the form of "distinct propositions of fact" the "statement of the facts which he deems established by the

evidence." The propositions must, therefore, be in the form of facts established, not in the form of the evidence tending to establish them, for some evidence may have been given tending to prove facts material to the decision of the issues, and yet not sufficient to prove them. It would be hazardous to attempt to formulate any general rule beyond what the present case strictly requires. We insert two of these requests to find, the first of which was properly refused for the reason given, and the second was not:

*First.* "In the latter part of December, 1881, Morris King and Samuel B. Mount together called upon Julius Schattman, of the firm of Schattman Brothers, who had a claim against King for one thousand dollars, for the purpose of effecting a compromise. They represented to him that King was poor and had lost everything; that he had left his wife three thousand dollars at the time he separated from her, and that coming back as a poor man his wife was willing to pay him back the three thousand dollars in in order to effect a settlement with his creditors." It is plain that if the referee had found that these representations were made, and yet had not passed upon the facts touched by the representations, he would not have found anything material to the decision.

*Second.* "That in September, 1883, Morris King purchased goods on credit from M. A. Tynberg & Co., and to obtain such credit represented to them that he was worth between eight thousand and ten thousand dollars; that his old affairs were all settled up, and that he owed no one anything of any consequence. Such representations were false." These were distinct propositions of fact.

Upon the theory which the defendants sought to establish, that the assignor procured goods upon credit, having in view his ultimate assignment to a friendly figure head as assignee, and the preference to himself under color of the note to his wife, and his subsequent management of the assigned property, the fact that the assignor resorted to false representations in order to obtain some of the goods upon credit would be material.

The representation in this proposition is a material fact in itself, while in the former proposition it is only evidence of the fact. Of course it may be said that the entire second proposition is only evidence tending to support the charge of a fraudulent assignment, and that a finding upon that proposition merges all minor propo-

sitions leading up to it. But we do not think that section 1023 should have so narrow a construction. The propositions authorized are those which the attorney deems established by the evidence, and it is manifestly intended that he may so present his propositions in detail as to clearly lead to the decision which he asks to have made.

There were other propositions submitted, some of which were properly refused as a finding of evidence, and at least two others that we think ought not to have been so regarded. If the propositions which ought to have been passed upon had been found in favor of the defendants, they no doubt would have affected the result.

We think the judgment should be reversed, a new trial granted, referee discharged, costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.