Hatch, J.
Chapter 830, Laws 1873, provide for the adoption of minor children by adult persons. By section 2, any minor child may be adopted by an adult in the cases and subject to the rules prescribed by the act. By section 3, a married man, not lawfully separated from his wife, cannot adopt a child without the consent of his wife. By section 4, the consent of the child, if over twelve years of age, is required. By section 5, except as provided for in section six, not material here,' an illegitimate child cannot be adopted without the consent of its mother. By section 8, “the per *163 son adopting a child, and the child adopted, and the other persons whose consent is necessary, shall appear before the county judge of the county in which the person adopting resides, and the necessary consent shall thereupon be signed and an agreement be executed by the person adopting, to the effect that the child shall be adopted and treated, in all respects, as his own lawful child should be treated.”
By section 9. “ the judge shall examine all persons appearing before him pursuant to the last section, each separately, and if satisfied that the worldly and temporal interests of the child will be promoted by the adoption, he shall make an order in which shall be set forth, at length, the reasons for such order, directing that the child shall thenceforth be regarded and treated in all respects, as the child of the person adopting.”
By section 10, a child, when adopted, shall take the name of the person adopting, and sustain to each other the legal relation of parent and child, except as to inheritance, etc. It is not claimed but that all the above provisions were complied with. The child was illegitimate; the mother, with the child, and the defendant, with his wife, all appeared before the county judge and executed the consents; they were each examined separately by the judge, the defendant executed the agreement, and thereupon the county judge made his order, which recites all these facts and assigns as reasons for making the order that “the said infant, nor its mother, have any property of any kind to support themselves, and the father of said child being absent and his residence unknown, and the said Jacob Bloedel and his wife being reputable citizens and owning property, and having no living male child, are desirous of adopting said infant.”
This order is attached to the consents and agreement, and is entitled at chambers, before the Hon. William W. Hammond, county judge of Erie county, and is also signed by said judge. It thus affirmatively appears that every essential requisite of the act upon which the judicial determination is based was fully and accurately complied with. The other requirements of this act, so far as applicable here, relate rather to matters of form than to matters of substance; the essential things are the qualifications of the persons, their consents and agreement. These existing, confer jurisdiction upon the judge to make the order. The error which is urged here is the failure of the judge to subscribe his name to the consents of the defendant and his wife, and .to the agreement of the defendant, as required by section 13, in which it is provided that nothing contained in this, act shall prevent proof of adoption by any method heretofore practiced in the state, from being received in evidence, nor from having the effect of an adoption; that no child shall *164 hereafter be adopted except under the provision of this act, nor shall any child be deprived of the rights of adoption except by a proceeding for that purpose, with like sanction and consent as required for an act of adoption under section 8; “and any agreement and consent in respect to such adoption, or abrogation thereof hereafter to be made, shall be in writing, signed by such county judge or a judge of the supreme court,” and the same or a duplicate may be filed with, and recorded by, the county clerk, and may be used as evidence in all legal proceedings.
This section, so far as material here, relates to the manner in which the adoption shall be evidenced, and not to the facts upon which the order is to be made. There are no words in the act which in terms avoids the consent and agreement unless signed by the county judge. Such signing forms no part of the judicial determination or evidence upon which to base it. It is a mere ministerial act evidencing the consents and agreement. It has been quite frequently held that a precise compliance with the terms of such an act is not essential to the validity of the proceedings unless so declared by the statute. Dwarris on Statutes, 222, n. 29 (Am. ed.); Rawson v. Van Riper, 1 Sup. Ct. (T. & C.), 370; Hall v. Tuttle, 6 Hill, 38; Stephens v. Santee, 49 N. Y., 35.
If, however, the signature of the judge is essential, the statute is silent as to where it shall appear; he is to sign the consents and agreement, but where such consents and agreement all appear upon one paper, including the order, I think it sufficient if the name of the judge appears thereon in any place. The signature of the judge in fact does appear upon the adoption papers produced in three places, once after the consent of .the mother, again at the time of the order, and finally at its foot, and the whole are attached together. A holding that the signature should be attached at the foot of each consent would sacrifice form to substance and defeat the intent of the act.
But if we assume that it was essential to sign at the foot of each consent, in order to bind the parties, I am of opinion that such failure to sign does not render the adoption papers absolutely void, but voidable only in respect to such persons as are not bound by reason of the failure to sign.
In Potter v. Greene (39 Hun, 72) an infant was indentured as an apprentice. The statute required to have indorsed upon the indenture, in order to be valid against the infant, a certificate by a justice of the peace, in a case where the father being alive, had abandoned and neglected to support his family, and the consent to such indenture .was signed by the mother as the statute authorized in such case. The certificate of the justice was omitted. The court *165 held that the indenture was voidable only as to the infant, and valid as to the mother. Id., 75-78.
In People ex rel. Wehle v. Weissenbach (60 N. Y., 385) the-court of appeals affirmed an order overruling a demurrer to-a return and dismissing a writ of habeas corpus sued out by the father of a child who had been indentured as an apprentice. The court holding that although the law required the infant to execute the indentures which had not been done, yet the parent having consented to the indentures could not avail himself of the defect. In re McDowle, 8 J. R., 328.
In the present case the mother executed the consent and the judge signed his name at the foot thereof. She was the person in whom the act vested authority to consent and execute valid adoption papers. She cannot now be heard alleging infirmity in the papers in other respects. As to the alleged father, he is possessed of no standing as against the defendant to demand the custody of the child. It is not claimed but that the defendant is in all respects competent, to care for the child, or that he has failed to carry out in any respect the agreement executed by him at the adoption, or that the child is in all respects properly cared for.
It follows therefore that the writ should be dismissed and the custody of the infant awarded to the defendant.