MARGARET COMMINS, Respondent, *v.* JOHN W. PERRY, Appellant.

(County Court, Onondaga County, July, 1904.)

Oral agreement for the sale of land — Statute of Frauds — Deed — What constitutes delivery.

Where an oral agreement for the sale of land is not performed in the detail of payment by the vendee of the purchase price, the agreement is not performed and executed and therefore is void under the Statute of Frauds.

To constitute delivery of a deed there must be something more than a physical change of possession. There must be an intention to part with the title also " involving acceptance."

APPEAL from a judgment of the Municipal Court of the city of Syracuse in favor of the plaintiff for $800 damages and $48.95 costs.

The trial was had before one of the judges of that court without a jury.

Hancock, Hogan & Devine, for appellant.

Burden & Shanahan, for respondent.

Ross, J. On and prior to April 23, 1904, verbal negotiations were had relative to the sale by the plaintiff to the defendant of an improved lot situate in Fayette street in the city of Syracuse. The transactions were carried on on behalf of the plaintiff by one Joseph H. Saunders, a real estate broker, and William J. Commins, her husband.

Mr. Eugene M. White, an attorney-at-law, having an office in the city of Syracuse, was authorized by, and acted as attorney for, the defendant. The price agreed upon was $2,800. The defendant agreed to assume a mortgage upon the property of $2,000, and to pay the balance in cash. This action is brought to recover that amount.

On April 23, 1904, Mr. White, to whom an abstract of the title of the property had been delivered, informed his client that the title was satisfactory. On the twenty-third day of April the following matters, in regard to the transaction in question, occurred. About eleven o'clock in the forenoon the plaintiff delivered to Mr. White a deed properly executed of the premises. About four P. M. the keys to the building upon the premises were handed to Mr. White. During the afternoon the defendant placed his check for $1,500 in the hands of his attorney, Mr. White. The check was upon a savings bank and was accompanied with the savings bank-book, which was necessary to enable the holder to obtain the money. Mr. White was, in substance, instructed by the defendant to pay the plaintiff $800, less any taxes that might be paid, and to pay to the holder of the mortgage $700, to apply upon the same. The only matter which, at that time, had not been satisfactorily arranged was the question of possession. There was a dispute

as to whether the occupants of the premises had moved, and there was a dispute upon the trial as to the time they actually did move out. The contention of the plaintiff as to the negotiations relative to possession and the actual time the premises were vacated must be assumed upon this appeal to be correct. In other words, so far as the question of possession is concerned, it is assumed that the plaintiff performed her agreement.

After the check for $1,500 was placed in Mr. White's hands, and before five-thirty P. M., Mr. William J. Commins called upon Mr. White, who showed him the check of $1,500; Mr. Commins took the check and read it, and returned it to Mr. White. There was a conversation to the effect that the bank was closed for the day, and Mr. White stated that he would give Mr. Commins his individual check for $800, and Mr. White then stated as follows, relative to the controversy as to whether the people were moving out: "I am told that they are moving out, but I think I will not give you that check until I am satisfied that they are moving out," but said, "If you and Mr. Saunders will come into my office at eight o'clock to-night — in the meantime I will go down and see — I will give you a check for $800. He said, 'all right, I will be here at eight o'clock.'"

About five-thirty o'clock the defendant came to Mr. White's office and said, in substance, that "Those people are not moving. The deal is off, and I want my check," which, after some conversation, was returned, together with the bank-book, by Mr. White to the defendant.

The claim of the defendant upon this appeal is, in brief, that there was no agreement relative to the sale of the real property in question to satisfy the requirements of the Statute of Frauds, or the provisions of the Real Property Law. And the contention of the plaintiff is that the transaction was an executed one to which the Statute of Frauds is not applicable within the principle of the case of Thomas v. Dickinson, 12 N. Y. 364. In the case cited the plaintiff and defendant entered into a verbal agreement by which the plaintiff was to transfer to the defendant his interest in two lots of land possessed by him under contracts for their

purchase, and the defendant was to convey to the plaintiff in fee a parcel of about eighteen acres of land, and was to pay a sum of money and transfer a debt. The plaintiff transferred the contracts and surrendered the possession of the lots of land, and the defendant conveyed to the plaintiff the eighteen acres of land; the money was not paid to the plaintiff, nor the assignment of the debt executed. As stated by Johnson, J.: " Thus the whole contract, save in a single particular, was performed by the parties to it, notwithstanding its invalidity; all that remained to be done to complete its performance was that the defendant should make the transfer of the Campbell debt. The plaintiff had fully performed. * * * It thereby ceased to be a contract for the sale of lands or an interest in lands and became a mere agreement to pay for lands conveyed. As such it was not within the statute of frauds."

Suppose that in the case under consideration the defendant had taken possession of the premises, and had paid a part of the purchase price, and this action was brought to recover the balance, the case cited would be in point. The situation seems to me simple. The deal was never consummated by the payment of the purchase price. The promise of Mr. White to give his personal check is beside the case. There was no contract between Mr. Commins and Mr. White relative to the check of the latter of $800; but assume that there was such an oral contract, it was none the less an agreement relative to the sale of lands because it related only to a part of the transaction. Suppose that Mr. Commins had been the one who desired to terminate the transaction, and had declined when he left Mr. White's office at five-thirty to proceed further, can there be any question about his right to have so done? The trouble, as it seems to me, with the position of the plaintiff is, that it rests upon the assumption that Mr. White was the agent of the plaintiff. This is at variance with the facts. Assuming with the court below that Mr. White had authority to accept the deed for the defendant, he had no authority, however, to accept payment for the plaintiff. If it be claimed that it was the defendant's own wrong that the

money was not paid, this is not an answer to a defense of the Statute of Frauds. Cagger v. Lansing, 43 N. Y. 550, 553. The learned counsel for the respondent suggests the effect upon the transaction if Mr. White had deposited the $1,500 belonging to the defendant and issued his own checks of $700 and $800 to the mortgagee and the vendee respectively. I cannot see what possible effect such an occurrence would have if it stopped at that point. In other words, any diversion of the money paid to an agent by his principal, unacquiesced in by the third party to whom it was to be paid, cannot change the rights of the third party.

The claim that the grantor was divested of her title the moment the deed was delivered to Mr. White is unsound. To constitute delivery of a deed there must be something more than a physical change of possession. There must be an intention to part with the title also "involving acceptance." The plaintiff had no intention to part with the title until she received the purchase price. Brackett v. Barney, 28 N. Y. 340, 341; Roosevelt v. Carow, 6 Barb. 195.

Judgment reversed, with costs.