## VAN ALSTINE *against* WIMPLE.

INDEBITATUS assumpsit, for land bargained and sold by the plaintiff to the defendant. The declaration also contained the usual counts for goods, work, money, and on an *insimul computassent*. The cause was tried at the Madison Circuit, March 10th, 1824, before WILLAMS, C. Judge.

*After a sale of V.'s land on fi. fa. to O. for $42, and before the sheriff conveyed, W agreed verbally with V. and O. to take the land of O. and give V. $600; of which he paid $200; and the sheriff conveyed to O. who conveyed to W. who afterwards sold part of the land for $600; and acknowledged the agreement with V.; in assumpsit by V. against W. for the $400 remaining unpaid; held, that the agreement was within the statute of frauds, and void, because not in writing; and also for want of consideration.*

On the trial, the plaintiff proved that about 30 acres of land, belonging to him, was, on the 25th September, 1815, sold at sheriff's sale, on a *fi. fa.* against him, upon a judgment in favor of one Hopkins, to one Olcott, on a bid of $42. That after the sale, but before Olcott, had taken a deed from the sheriff, it was verbally agreed between the plaintiff and defendant, with Olcott's assent, that he should relinquish his purchase to the defendant; that he should, however, take his deed from the sheriff, and then convey to the defendant; who agreed to pay the plaintiff $600, of which he paid $200 down. The plaintiff was to have two years within which to redeem the land, by re-paying the $200, with interest; but if this was not done, then the defendant agreed to pay the plaintiff the remaining $400. Shortly after, the sheriff conveyed to Olcott, who conveyed to the defendant, pursuant to this arrangement; and the defendant afterwards, in April, 1817, sold and conveyed 16 acres of the land to one Vanduzer, for $600. The plaintiff never redeemed, or offered to redeem the land; but brought this action for the $400, and interest. After the suit was commenced, the defendant acknowledged the debt.

*Intermediate a sheriff's sale of land on fi. fa. and giving a deed, though the naked fee remain in the debtor, yet this is not an interest of any value; and so no consideration for a promise.*

Verdict for the plaintiff, subject to the opinion of the Court upon the questions, (among others,) whether the agreement was void, as not being in writing, within the statute of frauds; and if valid in this respect, yet whether it was not void for want of consideration.

*If part of an entire promise be void by the statute of frauds, the whole is void.*

*J. A. Spencer*, for the plaintiff, said there could be no doubt that general indebitatus assumpsit would lie for lands sold and conveyed.

[*G. C. Bronson*, for the defendant. This is admitted.]

*Spencer.* When this bargain was made, the fee was still in the plaintiff. The estate did not pass till the sheriff's deed was executed. (*Simonds* v. *Catlin,* 2 Caines' Rep. 61, 3. *Jackson* v. *Catlin,* 2 John. Rep. 248. *Matter of Van Rensselaer* v. *Sheriff of Onondaga,* 1 Cowen's Rep. 443.) An interest in the land passed to, and became executed in the defendant. So far the contract is valid and unavoidable. The defendant has sold a part of these lands, and converted them into money, after which he acknowledged the debt ; and we are not only entitled to recover upon the special agreement, or for lands sold, but upon the counts of money had and received, and the *insimul computassent.* (1 Chit. Pl. 341. 2 T. R. 370. 2 Burr. 1008.) The purchase money was a lien on the land, which lien the defendant has impaired, converting a portion of the land into money, by sale to a *bona fide* purchaser ; for which money he should account in this action. (*Garson* v. *Green,* 1 John. Ch. Rep. 308.)

*G. C. Bronson,* contra. The plaintiff retained no interest whatever, legal or equitable, after the sheriff's sale ; and of course could convey none to the defendant. There was therefore, no consideration for this promise. But the contract is void within the statute of frauds. (1 R. L. 78, s. 11, 12. *Hall* v. *Shultz,* 4 John. Rep. 240. *Sherrill* v. *Crosby,* 14 id. 358. *Botsford* v. *Burr,* 2 John. Ch. Rep. 405. *Movan* v. *Hays,* 1 id. 339. *Steere* v. *Steere,* 5 id. 1. *Crawford* v. *Monell,* 8 John. Rep. 253. *Harris* v. *Stapleton,* 7 T. R. 201. Rob. on Frauds, 100. Sugd. L. V. 70.

*Curia,* per SUTHERLAND, J. So far as the agreement professed to bind the defendant to re-convey the land, upon being re-paid the $200 advanced by him, it was clearly within the statute of frauds, and void at law. It was a contract for the sale of lands and comes within the very

words of the act.  It has been repeatedly held, that if part of one entire contract be void under the statute of frauds, the whole is void; that the party shall not be permitted to separate the parts of an entire agreement, and recover on one part, the other being void : and this, although the part which was void, and could not have been enforced, has been actually performed.  Thus, in *Lord Lexington* v. *Clark & wife*, (2 Ventr. 223,) the declaration stated, that Brady, the former husband of Mrs. Clarke, was tenant at will to the plaintiff, at an annual rent of £320; that at the time of his death, one-half year's rent was due ; that Mrs. Clarke, while sole, before her second marriage, in consideration that the plaintiff would permit her to enjoy the premises until the next Lady-day, and permit her to remove certain posts, rails, &c. fixed on the premises by her husband, promised to pay the £160 in arrear, and also £260 more.  The £160 were paid before suit brought ; and it was held that this part of the agreement being void, as it was to pay the debt of another, and not in writing, the residue was void also, although, had it stood by itself, it might have been enforced.  The same doctrine was held by Lord Kenyon, in *Chater* v. *Beckett*, (7 T. R. 197 ;) and by this Court, in *Crawford* v. *Morrell*, (8 John. 253.)  The cases of *Hall* v. *Shultz*, (4 John. 240 ;) *Sherrill* v. *Crosby*, (14 id. 358 ;) *Movan* v. *Hays*, (1 John. Ch. Rep. 339 ;) *Botsford* v. *Burr*, (2 id. 405 ;) and *Steere* v. *Steere*, (5 id. 1 ;) have also some bearing upon this point.

But I am also inclined to think, that there was no consideration to support the promise of the defendant, to pay the plaintiff the $600 for the land ; and that on this ground he is not entitled to recover.  If the legal effect and character of the transaction be the same as though the defendant had been the purchaser at the sheriff's sale, instead of Olcott, to whose rights he succeeded, which appears to me to be the case, then it seems to me very clear, that the defendant's agreement was without consideration.  If the sheriff's deed had been executed and delivered, it will at once be conceded that there would have been no consideration for the promise.  And the fact that the naked fee remained in the plaintiff until the deed was executed, does not, in my judg

ment, alter the case. (2 Caines, 63. 2 John. 248.) All his beneficial interest in the land was gone. No act or assent on his part was necessary to the consummation of the title of the purchaser. It was not in his power to prevent 'it. The purchaser could compel the sheriff, at any moment, to ' execute the deed.

Suppose the plaintiff, after the sale, and before the execution of the deed, (both being on the same day,) had conveyed the land in question to a third person; would his deed have passed either the legal estate, or any equitable interest to his grantee ? If not, how can any consideration to support the promise of the defendant be implied from the fact that, at the moment of making the promise, the naked fee remained in the plaintiff.

I am, therefore, of opinion that, on either of these grounds, the defendant is entitled to judgment. If the plaintiff has any remedy, it must be in Equity.

ALBANY,<br>Oct. 1825.

Judgment for the defendant.