By the Court—Hoffman, J.
By whatever rule the referee proceeded in his estimate, it is indisputable that he included the arrears due by the son with the value, at the rate of the lease, of the father’s occupation. It is clear that he did not mean to estimate the actual occupation as worth $145.14, as if there had been no arrears.
The answer alleges, by way of counterclaim, an indebtedness of the plaintiff to the defendant, in at least $150, for the use and occupation of the store, and as the tenant and lessee of the defendant. The referee follows this allegation in his finding.
He does not find that the value of the plaintiff’s occupation, for the period of his enjoyment, was $145.14; but he finds that the plaintiff owes the defendant that sum for the use and occupation of the store, and as tenant and lessee of his premises.
Now, the only evidence on which the finding rests as to the arrears, is this: an admission “ that he had agreed that if Holler would allow him to remain, he would pay the back rent due by his son.” The same witness, on cross-examination, says: “That the plaintiff admitted more than once that he had made a verbal agreement to pay the back rent of his son.”
. If this evidence were sufficient to charge the plaintiff, it would equally define the extent of his liability, and would exclude a responsibility for his own occupation besides, and make the sum to be paid for the privilege of remaining, only the back rent.
When the referee finds that $145.14 was due from the plaintiff, for use and occupation, and as tenant and lessee, he finds a fact, and fixes a price totally against the evidence. All the testimony to fix such value was the lease and nothing could be charged on this basis but for the period of say six weeks, at the rate of the rent therein fixed.
The case must be considered upon the evidence and finding thus: First, that the plaintiff verbally agreed that if the defendant would permit him to occupy the premises, (for a time not fixed but to accomplish the object of a sale,) he would pay the rent then due by his son: Next that he is chargeable, for his own actual use and .occupation, with another amount ascertained to be its value.
*154 If there was no question in the cause arising out of the plaintiff’s occupation of the premises, the case would he very clear. The statute of frauds would undoubtedly apply. The debt of John H. Fowler for the rent, remained as absolutely due after the promise of the plaintiff to pay it as if no word respecting it had been uttered. It was a collateral undertaking for John H. Fowler’s debt and nothing else. (Eastwood v. Kenyon, 11 Adol. & Ellis, 438; Johnson v. Gilbert, 4 Hill, 178; Brown v. Curtiss, 2 Comst., 225; Mallory v. Gillett, 23 Barb., 610; Lord Lexington v. Clark and wife, 2 Vent., 223.)
But it is said, that the plaintiff engaged to pay for his own occupation, and also for the value of that of his son previously had; and that the good promise upon the valid consideration for himself extends to the whole contract and takes the case out of the statute.
So far from this being the result, there is much authority for holding, that if part of a contract is void as being within th<, statute of frauds, the whole is void, although an independent portion of it might have been valid, had it stood alone. (Van Alstyne v. Wimple, 5 Cow., 162; Lord Lexington v. Clark and wife, 2 Ventr., 223, there cited.)
In this last case, Brady was tenant at will of the plaintiff at a rent of £320. He died, and his widow while sole, (now wife of defendant Clark,) in consideration of the plaintiff’s allowing her to remain till Lady Day next, promised to pay £160 rent in arrear, and £260 more. ■ The £160 was paid before suit was brought, and it was held, that this part of the agreement being void, as it was to pay the debt of another, and not in writing, the residue was void also, although, had it .stood by itself, it might have been enforced.
Modern decisions, appear, however, to countenance a different rule, and to sustain the valid portion of a contract wherever it is separable from that part which is void, and to nullify only that which is illegal. (Wood v. Benson, 2 Cromp. & Jer., 94; Rand v. Mather, 11 Cush., 1.) The former is exactly in point. Part of a contract was void being to pay the debt of another,* and part good as the promiser’s own debt. It was supported pro tanto.
In Rand v. Mather, the subject was fully examined, and the general tendency of modern cases, to support such portions of *155 instruments as are legal, and reject the residue was noticed. To the authorities cited may be added the important one of Curtis v. Leavitt. (15 N. Y. R., 124.)
The judgment must be reversed, and a new trial ordered, costs to abide the event.
Ordered accordingly.