White, J.
Under the Code the original action is one for the recovery of money only. Prior to the adoption of the Code it would have been an action at law as contradistinguished from a suit in equity. The case is not one calling into exercise the equity powers of the court.
The first question is, whether the contract sued on is within section 5 of the statute against frauds and perjuries. S. & C. 659. The statute declares that no action shall be brought upon any contract or sale of lands, or any interest in, or concerning them, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.
The contract send on, and which the plaintiff avers he accepted and performed, is thus described in the petition:
“ The plaintiff further says, that after he came of age, the ' said John Kugler stated to the plaintiff, that he could not do without ■ his services in his large business; and that, if the plaintiff would continue with him in his business, he would pay plaintiff a reasonable salary from year to year, and would also provide for plaintiff liberally out of his estate, by his last will and testament, at least to the amount of ten thousand dollars, either in real estate or money P
Browne, in his work on the Statute of Frauds, in speaking of contracts in which a party promises to do one of two or more things, the statute applying to one of the alternative engagements, but not to the others, uses this language : “ It is manifest that of such alternative engagements, no action will lie *408 upon that one, which, if it stood alone, could be enforced as being clear of the statute of frauds, because the effect would be to enforce the other, namely, by making the violation of it the ground of an action.” Browne on the Statute of Frauds, § 152. And in Patterson v. Cunningham it is laid down that a promise, being in the alternative, to pay money or convey lands, does not exempt it from the operation of the statute. 12 Maine, 506. See, also, Crawford v. Morrell, 8 Johns. 253; Van Alstine v. Wimple, 5 Cow. 162 ; Goodrich v. Nichols, 2 Root, 498; Agnew on Statute of Frauds, 86; Leak’s Dig. of the Law of Contracts, 675; Savage v. Canning, 1 I. R. C. L. 434; Fuller v. Reed, 38 Cal. 99.
The principle of the rule is that where the contract is entire, no one part being severable from the rest, and part of it is within the statute, the other part cannot be enforced.
The breach alleged in the petition is that Kugler, the intestate, did not in his lifetime provide for the plaintiff the sum of ten thousand dollars in money or real estate, or any part thereof. To constitute a cause of action on the agreement it was necessary to aver a breach of both alternatives of the promise; and as under the statute there could be no breach of the promise in respect to the land, there could be no cause of action on the promise in respect to the money.
It is fairly to be inferred, from the averments in the petition, that the agreement sued on was not in writing; and where such is the case the defense of the statute of frauds may be made' available by demurrer. Randall v. Howard, 2 Black U. S. 585.
The court, therefore, erred in overruling the demurrer to the petition. But if the objection had not appeared on the petition, the judgment could not be sustained. The answer set up the statute as a defense, averring that the supposed promises sued on were not evidenced by any writing. The reply did not traverse this averment. True, it denied that the promises were within the statute ; but this was the statement of a mere legal conclusion. It did not aver that they were in writing. If the reply had any effect it could only be that of a demurrer, and as such it was not well taken.
*409 The verdict cannot be sustained as a finding of the value of the plaintiff’s services as upon a quamtmn meruit. The case was not submitted to the jury upon that view of the law. The court charged the jury, in effect, that to entitle the plaintiff to X'ecover he must prove the making of the agreement sot out in the petition; that if such an agreement was proved it was valid, and the rights of the pax’ties wex’e to be determined by it. Of course, if the agx’eement was valid the rights of the parties were to be determined by its termas; but this precludes all idea of a finding by the jury of the value of the plaintiff’s services as upon a quantum meruit in the absence of such an agreement.
The only remaining question we deem it necessary to notice is the ruling of the court in allowing plaintiff’s wife to be examined as a witness. The question arises under the act of April 18,1870 (67 Ohio L. 113), and was decided in Westerman v. Westerman, (25 Ohio St. 500), in accox’dance with the rnrling of the court below. It is contended by counsel for the plaintiff in ex’ror that the decision in that case is wrong, and numerous authorities are cited to show the gi’ounds, at common law, upon which husband and wife were excluded from being witnesses for or against each other’. We do not question the correctness of these authorities ; but the case referred to was decided upon the construction of the code and its amendments, which regulate the whole subject of the competency of witnesses in civil cases. We are still satisfied that the decision in Westerman v. Westerman is correct.
Judgments of the district court and of the court of common pleas reversed, verdict set aside, demurrer to the petition sustained, and cause remanded to the court last named.
Johnson, J.
I am unable to concxxr in the first point of the syllabus, as applied to the facts stated in the petition and admitted by the demurrer'.
It is alleged, that in 1833, when plaintiff was fifteen years old, his father hired him to Kugler until he should come of age. In consideration of the services to be rendered, Kugler px-omised to support and educate him, and when he should ar« *410 rive at majority, Kugler was to set him up in business. This contract he performed, but instead of setting him up in business as he agreed, Kugler stated to plaintiff, that he could not do without his services in his business, and if he would continue with him he would, in addition to a reasonable salary from year to year, provide for plaintiff out of his estate by his last will and testament, “ at least to the amount of ten thousand dollars, either in real estate or money.”
This was in 1841. The plaintiff, on his part, agreed to this contract, and continued in Kugler’s service until his death in 1868. The breach alleged is, that Kugler neither provided by will for payment in money or in real estate, nor otherwise paid said amount. This action is to recover said sum of ten thousand dollars, with interest from the date of Kugler’s death.
This was a contract to pay at least ten thousand dollars, in real estate or money. The option was in the promisor. He in terms bound himself to compensate the plaintiff, at least to the amount of ten thousand dollars, but reserved the election of doing so in either of two ways. It was to be done by a will. He died intestate, nor did he elect which mode of payment he would adopt; thus in contemplation of law, he elected not to pay in land and left the debt to be otherwise paid. The majority of the court now holds that inasmuch as one of the modes reserved by himself to discharge this obligation,—to wit, payment in land,—is within the statute of frauds, therefore no action will lie to enforce the other alternative, to wit,—payment in money,—though not within the statute, and though the contract has been fully executed by the plaintiff. While it is conceded the plaintiff may recover for the value of these services upon a yuaMtmn meruit, yet it is said he cannot sue on the alternative clause not within the statute, because the other alternative is within the statute.
It must not be forgotten, that this was a money contract for services to be rendered, and which were rendered. The parties had fixed the value of these services. The option related solely to the mode of payment, so that, at Kugler’s death, he owed ten thousand dollars “ at least,” which he could discharge *411 in one of two ways, either to provide in his will for a payment in money, or of land of that value. It was not a contract to devise any specific tract of land, but to pay ten thousand dollars in any real estate he chose that was of that value. If it had been in writing, an action for a specific performance would not have lain because no tract of land was specified. Eor a breach of such a contract in writing the promisee could only recover a money judgment.
Where a contract is entire in its various parts, “ the disability of the plaintiff to recover on one of those stipulations manifestly results, not from the fact that the statute happens to apply to the remainder, but from the tenor of the agreement by which it has been shown ‘to be the intention of the parties, that if performed at all, it is to be performed as a whole. Browne on Stat. of Frauds, § 144.
The reason for the rule is, not because the statute of frauds happens to apply to one stipulation, but because on its face the contract shows it was the intention of the parties that the whole contract should be performed, in other words, that it is not divisible. When the reason of the rule ceases, the rule itself ceases. In the case at bar the intention was not to pay twice, nor to do two things—pay in land a/nd money, but in one or the other, at his election, to the amount of ten thousand dollars. If one alternative was not enforceable, the other was. To allow Kngler’s estate to escape liability on this contract on the ground that the option he reserved to pay in land was not enforceable, because not in writing, is making- the' statute an engine of fraud, rather than a means of preventing it. •
The opinion of my brother White relies on a citation from section 153 of Browne on Statute of Frauds.
The author states as a reason for the rule, “ That it is manifest that on such alternative engagement, no action will lie on that one which, if it stood alone, could be enforced as being clear of the statute of frauds, because the effect would be to enforce the other', namely by malcvng the violation of it the ground of am, action.” The reason thus given clearly shows that the learned author is speaking of alternative propositions, where a violation of one gimes a right of action on the other, *412 and not of a contract to do one of two things at the promissor’s option, when both are violated. Goodrich v. Nichols, 2 Root, 498, cited by the author, to support the text, illustrates his meaning. That was an action to recover £100 as a penalty alleged to be forfeited to plaintiff on a verbal contract to convey lands which he had refused to convey.
The right to an action for the penalty depended on a breach of the contract to convey. As the contract to convey was void, the action could not be maintained, as that would make the breach of this void promise the ground of action. The case at bar is not analogous. Here Kugler violated the contract to pay in money, a promise not within the statute, as well as the one to pay in land. The right of action here is not founded on the breach of the contract to pay in land, but for failing to pay in either way. This case, therefore, does not support the application made of the text, to the case at bar.
Neither does Van Alstine v. Wimple, 5 Cow. 162, also relied on. That was not the case of two alternative promises. The head-note, which embodies the point decided, is : “ If part of an entire promise be void by the statute of frauds, the whole is voida principle not disputed.
Rice v. Peet, 15 Johnson, 503, so far from sustaining the majority, or the text cited, is an authority in support of the proposition, that a breach of a verbal contract within the stab me of frauds, cannot be made the foundation of a right in favor of the other party.
That was a verbal agreement to exchange lands, on which plaintiff delivered a note of a third person as a pledge to be forfeited if he failed to comply, which note the defendant col-1* lected. The suit was to recover the money collected on the pledged note. It was held he could recover, as the verbal agreement to exchange land was void ; there is no consideration for the promise that the note should be forfeited. No right of forfeiture arose from a refusal to exchange lands.
This case rests on the same principle as Goodrich v. Nichols, supra, namely, that the breach of a verbal contract within the statute cannot be made the foundation of a right. The only case cited in which the facts and decision support the text *413 relied on, is Patterson v. Cunningham, 12 Maine, 503. This decision is based solely on authorities cited, neither of which sustains it, as will appear from a learned discussion of these cases, in Rand v. Mather, 11 Cush. 1.
The leading case, there cited, is Lexington v. Clark, 2 Ventris, 223, which was assumpsit, to recover £260 on a verbal contract to pay £160, the existing debt of a third person, a promise within the statute, and also, to pay future rents, not within the statute. It was held to be an entire agreement, and the action is brought for both sums, and “ indeed could not be otherwise without a variance from the promise.”
So Chater v. Becket, 7 Term R. 197, was where there Was a promise to pay the debt of another, which is void, a/nd also, to do some other thing. It was held that it was one indivisible contract which the plaintiff could not separate. Numerous cases might be cited of this character, but they utterly fail to establish this as the rule, where contracts are not entire, as where there is a promise to do one of two distinct things, one of which is valid.
On the other hand it is well settled, that a contract which is not an entirety, but consists of two or more independent stipirlations or promises, capable of severance, one of which is invalid, that fact will not prevent the enforcement of the other.
Ohio ex rel. Lasley v. Board of Education, 35 Ohio St. 519, was a contract to pay a debt, with lawful interest, and also a promise to pay usurious interest, all based on a single promise of the relator. It was held that the plaintiff could recover on the valid promise.
In Widoe v. Webb, 20 Ohio St. 435, it was held that “ where for a legal consideration a party undertakes to do one or more acts, and some of them are unlawful, the contract is good for so much as is lawful and void for the residue.”
So : “ if one branch of an alternative becomes impossible, so that the promisor has no longer an election, this does not destroy his obligation, unless the contract expressly so provides, but he is now bound to perform the other alternative.” 2 "Parsons on Contracts, *657.
In Stevens v. Webb, 7 C. & P. 60, it was held, that if an *414 agreement is in the alternative, and one branch cannot by law be performed, the party is bound to perform the other.
In State v. Ex’rs of Worthington, 7 Ohio, pt. 1, p. 171, it was held that an alternadme contract to pay money or convey land in a certain event is not discharged by the death of the promisor, rendering it impracticable to convey the land. This action was on the special contract to recover the money alternative.
It was. insisted there, as it is here, “ that where a contract is in alternatives, one of which becomes impossible by act of God, the obligor is released from the discharge of the other.” But the court held otherwise, quoting from Pothier on Obligations, “ Where several things are due under an alternative, the extinction of one does not extinguish the obligation.”
The court adds : “ It would be indeed startling to the good sense of an honest man, if one who contracted to do one of two things, need to do neither if unable to do both.”
To the same effect is State v. Collins, 6 Ohio, 126.
The text books say : “ If the promise be to pay money at a certain time, or deliver certain chattels, it is a promise in the alternative; and the alternative belongs to the promisor. He may do either the one or the other, at his election ; nor need he make his election until the time when the promise is to be performed ; but after that day has passed without election on his pari, the promisee has an absolute right to the money, and may bring his action for it? 2 Parsons on Contr. *651, and note.
In support of the foregoing principles I cite the following cases, which are more or less directly in point: Mobile Marine Duck Co. v. McMillen, 31 Ala. 711; Wood v. Benson, 2 Tyrw. 93, a leading case; Wiley v. Shoemak, 2 Greene (Iowa), 205 ; Townsend v. Wells, 3 Day, 327; Vanhoozer v. Logan, 3 Scam. 389; Exp. Littlejohn, 3 Man. Dea. & De Gex, 182 ; Choice v. Moseley, 1 Bailey, 136; Rand v. Mather, 11 Cush. 1. This last case is valuable as a discussion of the cases, and the reasons for the distinction, between entire and severable stipulations, where part is within and part without the statute ; it fully supports the principle, here claimed.
*415 The conclusion reached is': that where one verbally promises, to pay a sum of money agreed upon, “ m real estate or m money ,’7 at the promisor’s election, on performance by the other of his part of the contract, and the time of such payment is suffered to pass without his making his election, or performing either alternative of his promise, the other party having fully performed, the sum agreed on becomes payable in money, and an action on the contract to recover the money agreed on, may be maintained, although the alternative to pay in land is within the statute of frauds.