[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 234 
The several objections taken on the trial below, and upon which the nonsuit was granted and afterwards sustained, are reducible to this one, viz., that the agreement on which the plaintiff relies for the reimbursement of the money expended by him in the payment of an assessment was a part of the agreement for the sale to him of the land, and was by parol, not reduced to writing, and therefore void by the statute. (2 R.S., 134, § 8.)
Although the agreement has been executed between the parties, so far as to consummate the sale by a conveyance and the payment of the purchase money, yet a voluntary part performance of a contract originally void is not a ground for a compulsory performance of the residue of the same contract. The party sought to be charged is still at liberty to raise the objection in a court of law. Part performance, without more, is not a waiver of the objection. There are cases where a part performance of a parol contract is allowed by a court of equity to dispense with the requirement of the statute. This, however, is upon the principle of preventing a fraud. A court of law has no such dispensing power. *Page 235 
The demand in question appears to be a very meritorious one, and such, according to the contract proved, as the defendant ought to pay; but it is founded upon or grows out of a contract so made as to be of no force or validity whatever in law. VanAlstine v. Wimple (5 Cow., 162) was quite as strong if not a stronger case for the plaintiff, and there it was held as settled law, upon the authority of Lexington v. Clarke (2 Ventris,
223), and Chater v. Beckett (7 Term R., 197), andCrawford v. Morrell (8 John., 253), that though a part of a contract which was void by the statute of frauds had been actually performed, yet another part of the same contract, forming one entire agreement, could not be separated from the rest and be the subject of an action, either on the agreement or the money counts. I am unable to perceive any distinction in principle between those cases and the present. The cases to which we have been referred by the counsel for the plaintiff were cases of actions brought to recover back money paid or for services performed upon contracts which had been afterwards rescinded by consent of parties, or disavowed by the party sued because not binding in law. In all such cases the money is to be refunded, and the services rendered in part performance are to be paid for, because the contract is at an end, and the action brought for the purpose is in disaffirmance of the void contract, and not in affirmance and with a view of enforcing it as in the present case. Gillet v. Maynard (5 John., 85); Rice v. Peet (15id., 503); Burlingame v. Burlingame (7 Cow., 92); King
v. Brown (2 Hill, 485), and Lockwood v. Barnes (3 id.,
128), are all to that effect.
The nonsuit was properly granted, and the judgment below must be affirmed.
Judgment affirmed. *Page 236