## WOOD v. SHULTIS.

*Statute of frauds — contract void by. Amendment to complaint changing cause of action — when allowable.*

Plaintiff sold defendant forty-five standing trees upon plaintiff's land growing, in consideration of which defendant agreed to dig a ditch for plaintiff. The contract was verbal. Defendant cut and converted the standing trees, and then refused to perform his part of the contract. An action was brought in a justice's court for the breach of the contract. *Held*, (1) that although the contract was void for not being in writing, plaintiff was entitled to recover the value of the trees cut; and (2) an amendment of the complaint from one for a breach of contract to one for the recovery of the value of the trees cut, defendant not having been misled, was in furtherance of justice, and a refusal to allow such an amendment was error.

APPEAL by plaintiff from a judgment of the Ontario county court affirming a judgment of a justice's court in favor of defendant.

The action was brought by George W. Wood against Robert Shultis to recover damages for the breach of a contract. The complaint alleged that plaintiff agreed to sell defendant forty-five standing trees on plaintiff's land, in consideration of which defendant agreed to dig a ditch for plaintiff. The agreement was verbal. Defendant cut down and carried away the trees, but refused to dig the ditch. The plaintiff demanded damages for such breach. At the trial plaintiff asked to amend the complaint by striking out certain parts of it, including the demand of judgment, and inserting, among other things, a demand of judgment for the value of the trees cut and carried away by defendant, which request was refused. Such other facts as are material appear in the opinion.

*D. Herron,* for appellant.

*Jno. Gillette, Jr.,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. The only questions in this case are whether the justice erred in excluding the evidence offered by the plaintiff, and in denying his application to amend the complaint, and we are of opinion that he did in both instances.

The complaint, it is true, set forth a cause of action arising upon the contract, and the specific relief demanded was damages for the breach. But it also contained all the facts necessary to entitle the plaintiff to recover upon the defendant's implied promise to pay what the timber was worth, and the prayer for relief did not disable the justice from granting any other relief which would have been adapted to the case. Such a variance between allegation and proof should have been disregarded, for there is not the slightest pretext for saying that the defendant could have been misled by it. The complaint set forth the contract, and averred that the defendant had taken the timber pursuant thereto, but had failed to perform the contract on his part.

The answer contained a general denial, and an averment that the contract was not in writing, and was for that reason void. If the complaint had shown that the contract was void, there would have been no variance. How, then, could the defendant claim to have been misled by such an omission when the fact appeared in his answer? That the plaintiff would have been entitled to recover, upon the evidence offered, the actual

Wood v. Shultis.

value of the timber cannot be doubted. The defendant had taken the timber from the plaintiff under a verbal contract, which was void by the statute of frauds. That timber was the consideration of the defendant's part of the contract, he had failed to perform the contract, and on the trial repudiated it altogether. The law affords no sanction to such a mode of appropriating the property of another, but on the contrary implies from such circumstances a promise to pay the value of it. *King* v. *Brown*, 2 Hill, 485; *Fisk* v. *Sherman*, 25 Barb. 425; *Baldwin* v. *Palmer*, 10 N. Y. 232.

If the contract had been not only void but illegal, the plaintiff on that account would not have had any remedy (*Abbott* v. *Draper*, 4 Denio, 51; *Baldwin* v. *Palmer*, *supra*), but being invalid only, by reason of its not being in writing, the plaintiff had a clear remedy. It was the plain duty of the justice to afford him that remedy. Code, § 64, subd. 10; Wait's Law and Pr. 408, *et seq.; Connaughty* v. *Nichols*, 42 N. Y. 83. Such a ground of nonsuit as that in this case, if finally sustained, would retrograde the practice more than a quarter of a century.

The justice also committed an error in denying the motion of the plaintiff for leave to amend his complaint. It is manifest that substantial justice would have been promoted thereby, although the amendment was not absolutely necessary, for it would have prevented an erroneous nonsuit, and have saved the parties an expensive and useless litigation. In such a case the statute makes it the imperative duty of a justice to grant an amendment, upon proper terms. Code, § 64, subd. 11. When a power is conferred by statute, for the promotion of justice, suitors have a right to insist upon the exercise of it in a proper case. It is not wholly discretionary. The word "may" in such a statute means "shall." *MacDougall* v. *Paterson*, 11 C. B. 755; *Mayor of N. Y.* v. *Furze*, 3 Hill, 612.

It is claimed that this error is not before us, because it is not specified in the notice of appeal. The opinion of the court below shows that it was passed upon there. It is in the record before us. The statute requires the county court to render judgment upon the *whole case*, without regard to technical errors or defects. Code, § 356.

The judgment of the county court and of the justice must be reversed, with costs.

*Judgment reversed.*