Donald S. Taylor, J.
In this action plaintiff sues for damages for breach of contract. Upon the trial the jury disagreed and was discharged. Thereafter pursuant to section 457-a of the Civil Practice Act the defendant moved for judgment in accordance with its motion for a directed verdict made at the close of all of the evidence upon which the court had expressly reserved its decision. In April, 1952 the parties completely abrogated, by mutual consent, their pre-existing written contract for the performance of grading services and substituted in its place a new and different parol agreement which gave plaintiff a right known as a profit a prendre to take soil from defendant’s premises upon a royalty payment basis. (Rodgers v. Rodgers, 235 N. Y. 408, 410; Schwartzreich v. Baumam-Basch, 231 N. Y. 196, motion for reargument denied 231 N. Y. 602.) Such a right constitutes a sale of an interest in land which, to be enforcible in an executory status, must be created by a grant in writing and which cannot be created by parol. (Saratoga State Waters Corp. v. Pratt, 227 N. Y. 429, 443; Taylor v. Millard, 118 N. Y. 244, 251; Cronkhite v. Cronkhite, 94 N. Y. 323; Lacustrine Fertilizer Co. v. Lake Guano & Fertilizer Co., 82 N. Y. 476, 484; Pierce v. Keator, 70 N. Y. 419; Mathews Slate Co. v. Advance Ind. Supply Co., 185 App. Div. 74, 77; Post v. Pearsall, 22 Wend. 425, 433; see, also, Tyler v. Windels, 186 App. Div. 698, affd. 227 N. Y. 589.) In these circumstances the Statute of Frauds bars the plaintiff’s cause of action. (Real Property Law, § 242.) Assuming, arguendo, that the parties intended their oral bargain only to modify the written agreement, plaintiff’s position still would be untenable. Concededly, the latter conveyed no interest in the defendant’s real property and its modification by parol would not serve to vary its legal effect in this respect. (Clark v. Fey, 121 N. Y. 470, 476-477; Hill v. Blake, 97 N. Y. 216, 222.) The doctrine of part performance which plaintiff’s brief urges is a creation of equity and is not recognized in actions at law. (Matter of Ditson, 177 Misc. 648, 653; Walter v. Hoffman, 267 N. Y. 365, 368; Burns v. McCormick, 233 N. Y. 230; Woolley v. Stewart, 222 N. Y. 347; 1 Pomeroy on Equity Jurisprudence [5th ed.], § 103.) The defendant’s motion is granted with an appropriate exception to plaintiff and judgment may be entered, with costs, accordingly.
Settle order on notice of three days.