■ RICHARD A. MARKEY, Respondent, v. I. AUSTIN KELLY III et al., Appellants.— In an action to recover damages for breach of contract, the appeal is from an order denying appellants' motion to dismiss the complaint pursuant to rule 112 of the Rules of Civil Practice, on the ground that the contract on which the action is founded is unenforcible under the provisions of the Statute of Frauds. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, with leave to respondent to serve an amended complaint, if he be so advised, within 20 days after the entry of the order hereon. The complaint alleges a contract providing for an indefinite hiring of respondent by appellants to solicit prospective clients and customers to retain appellants to design and install employees' pension, welfare and profit-sharing plans, for which appellants agreed to pay respondent certain specified percentages of the fees received by them from prospects introduced by respondent. The contract provisions stated the percentages of appellants' fees to which respondent would be entitled for services to be performed, some of which were payable when such compensation was received by appellants, in a single or flat fee, and others when received by appellants over a period of more than one year. Although the alleged contract provided that respondent's employment could be terminated by either party at any time, it expressly continued thereafter the obligation of appellants to pay compensation to respondent to the same extent as if he were still in their employ. The termination of respondent's employment therefore did not completely extinguish appellants' obligations to him pursuant to the contract, and those obligations which were not extinguished could not, by the terms of the contract, be performed within one year after the

making thereof. (Cf. *Zupan* v. *Blumberg*, 2 N Y 2d 547; *Elsfelder* v. *Cournand*, 270 App. Div. 162.) The complaint did not allege that the contract was oral. Appellants answered, setting up as a defense the Statute of Frauds (Personal Property Law, § 31, subd. 1). Thereafter, in response to a demand, respondent served a bill of particulars which disclosed that the contract declared upon was oral. This being so, it was void, at least insofar as it provided for the payment of continuing compensation to respondent, after the termination of his employment. (Cf. *Zupan* v. *Blumberg, supra*; *Elsfelder* v. *Cournand, supra*.) Whether it was divisible so as to permit its enforcement against appellants insofar as it was capable of performance within a year (cf. *De Beerski* v. *Paige*, 36 N. Y. 537) does not appear from the allegations of the complaint, nor does it appear if the contract is divisible, whether the action is brought to enforce valid obligations on appellants' part, or obligations which are unenforcible under the Statute of Frauds. In such a case, in the absence of an allegation of facts sufficient to avoid the application of the Statute of Frauds, the complaint does not state a cause of action. (Cf. *Russell* v. *S. A. des Etablissements Aeroxon*, 268 N. Y. 173; *Coler* v. *Coler*, 271 App. Div. 877, affd. 297 N. Y. 488.) Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.