■ GEORGE J. GROSS et al., Respondents, v. WAYNE CHAPPELLE et al., Appellants.— In a vendees' action for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Nassau County, dated October 2, 1963, which denied their motion for summary judgment and for cancellation of a *lis pendens* filed against the property. Order reversed, without costs, and motion granted; complaint dismissed and *lis pendens* directed to be cancelled of record. The Statute of Frauds (Real Property Law, § 259) was pleaded as a defense. The papers submitted establish that neither the contract of sale nor any note or memorandum was subscribed by the defendant vendors or by their lawful agent thereunto authorized by any writing. The complaint therefore must be dismissed (*Mondrus* v. *Salt Haven Corp.,* 270 App. Div. 1030, mot. for lv. to app. den. 270 App. Div. 1046; *Singer* v. *Klebanow,* 9 Misc 2d 1016). Ughetta, Acting P. J., Kleinfeld, Christ and Hill, JJ., concur; Rabin, J., dissents and votes to affirm the order for the reasons stated by the Justice at Special Term.

■ In the Matter of MARJO REST. INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the former Civil Practice Act, to review and annul a determination of the State Liquor Authority, made on December 28, 1962 after a hearing, which suspended petitioner's liquor license for a period of 60 days. By order of the Supreme Court, Kings County, made January 23, 1963 pursuant to statute (former Civ. Prac. Act, § 1296), the proceeding has been transferred to this court for disposition. Determination confirmed, without costs (cf. *Matter of Castelluccio* v. *State Liq. Auth.,* 14 N Y 2d 702, revg. 18 A D 2d 1090). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.