924

■ FRED RAUCHWERG, Respondent, v. GIMBEL'S INC., Appellant.— Order, entered on January 12, 1970, vacating a prior order of dismissal and restoring this action to the Trial Calendar, unanimously reversed on the law, on the facts and in the exercise of discretion, without costs and without disbursements, and motion denied. Plaintiff has demonstrated neither an adequate excuse for his failure to timely comply with the 45-day notice served herein, nor sufficient evidentiary facts to demonstrate a meritorious cause of action. (*Sortino* v. *Fisher*, 20 A D 2d 25; *Friedman* v. *Guthrie*, 24 A D 2d 966.) Concur — Stevens, P. J., Eager, Capozzoli, Nunez and Tilzer, JJ.

■ ALFRED STETTNER, Appellant, v. TWIN DOUBLE TV, INC., et al., Respondents.— Order entered March 31, 1970, denying plaintiff's application for an order compelling discovery, modified on the law and the facts and in the exercise of discretion, and motion granted to the extent of directing the corporate defendant to appear for a further examination by Pascal Perri, and otherwise affirmed, with $30 costs and disbursements to plaintiff-appellant. In response to plaintiff's notice of examination, defendant produced Schwartzman, its secretary. Schwartzman is actually an attorney with no knowledge of the facts underlying the claim in suit. It further appears that one Perri, now an officer, though only an employee at the time of the transaction, has direct and personal knowledge of the facts. Having produced only a witness who was unable to respond, defendants should be required to appear by a person having the needed information. (See *Parrish & Co.* v. *Applestein*, 28 A D 2d 979; *Gould* v. *Peck Mem. Hosp.*, 24 A D 2d 449; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.27.) Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Tilzer, JJ.

■ DANIEL D. BINGHAM, Respondent, v. WELLS, RICH, GREENE, INC., Appellant.— Order entered April 2, 1970, modified on the law and the facts and in the exercise of discretion, without costs and without disbursements, to the extent of striking items 1, 2 and 4 from plaintiff's supplemental notice of examination of defendant and directing that the examination of defendant proceed after defendant has examined plaintiff on a date to be set by the parties within 20 days after entry of the order filed herein, and otherwise affirmed. Under items 1, 2 and 4 plaintiff, in this action for damages for breach of an oral contract of employment, seeks all correspondence and memoranda and employment agreements between defendant and some 43 individuals other than plaintiff, regarding employment of advertising agencies and other employees. These records are neither material nor necessary on the question of plaintiff's agreement with defendant. Nor would such records aid plaintiff in establishing a general custom in the advertising industry. This record does not justify a departure from the general rule that the order of priority of examination will not be disturbed except upon a showing of special circumstances. Here defendant originally had priority by service of its notice with its answer (CPLR 3106, subd. [a]). There is no justification to disturb defendant's clear right to priority of examination. Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Tilzer, JJ.