█ SONIA RICE, Respondent, v. ROBERT DYLAN, Appellant.— Appeal by the defendant from an order of the Supreme Court at Special Term, entered in Ulster County on October 15, 1971, which denied a motion by the defendant for dismissal of the complaint pursuant to CPLR 3126 and partially granted a motion by the plaintiff to strike the defendant's answer. The motion for relief pursuant to CPLR 3126 and the partial grant of such motion renders summary judgment a premature remedy at the present posture of the proceedings. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., and Simons, JJ., concur; Greenblott and Sweeney, JJ., dissent and vote to reverse in the following memorandum by Greenblott, J.: The majority's conclusion that summary judgment is a premature remedy is, in my opinion, erroneous. Plaintiff contends that, based upon defendant's oral agreement to purchase her property for $21,000, she obtained a release from a prior purchaser who had contracted to purchase the property for $20,000 and, to vacate the premises by the agreed date, she was forced to sell much of her antique furniture at a distress sale. Plaintiff thereafter sold the property for substantially less than $21,000 and instituted this action seeking damages for breach of contract. In seeking to establish an oral contract for the purchase of real property, plaintiff is met by the Statute of Frauds (General Obligations Law, § 5–703). However, despite the bar of the Statute of Frauds, in cases of part performance courts of equity have the power to compel specific performance of oral agreements (see General Obligations Law, § 5–703, subd. 4; Wilson v. La Van, 22 N Y 2d 131; Burns v. McCormick, 233 N. Y. 230; Walter v. Hoffman, 267 N. Y. 365; see, also, 35 Brooklyn L. Rev. 301). Plaintiff's action here, however, is not an equitable action. It is an action seeking damages and equitable relief is not available (see Baldwin v. Palmer, 10 N. Y. 232; Longo v. Shaker Hgts. Development, 11 Misc 2d 278, app. dsmd. 10 A D 2d 784). Therefore, even if such contract existed and plaintiff's actions were unequivocally referable to an agreement to convey (thereby establishing in plaintiff's favor all questions of fact), defendant's motion for dismissal of the complaint should have been granted.