■ WILLIAM GROSS, Appellant, v WILLIAM VOGEL et al., Respondents. — In an action for specific performance of an oral agreement to divide stock ownership of a close corporation and to recover money damages, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered October 6, 1980, dismissing his complaint upon the granting of defendants' motion pursuant to CPLR 3211 (subd [a], par 5). Judgment reversed, on the law, with $50 costs and disbursements, and defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) is denied. In an action for specific performance and money damages, plaintiff alleges an oral agreement whereby services were to be exchanged for salary and 50% stock ownership in a close corporation. On the eve of trial, defendants moved to dismiss pursuant to CPLR 3211 (subd [a], par 5) on the ground that the Statute of Frauds (Uniform Commercial Code, § 8-319) barred plaintiff's suit. Though untimely, Special Term considered the motion on the basis of a stipulation by the parties limiting the issue to whether, assuming an oral agreement had been made, the action would be barred by section 8-319. In determining whether a "sale of securities" is involved, section 8-319 of the Uniform Commercial Code should be read in conformity with the Statute of Frauds in article 2 of the code (Uniform Commercial Code, § 2-201). Under article 2 (§ 2-106, subd [1]), a "sale" is the passing of title between a buyer and seller for a "price". Subdivision (1) of section 2-304 of the code provides that "price can be made payable in money or otherwise." Whether the term

"otherwise" includes services was addressed in *Burnside & Co. v Havener Securities Corp.* (25 AD2d 373) where, in construing section 8-319, the court concluded that "otherwise" could encompass any consideration sufficient to support a contract, including services. We agree. Moreover we conclude that shares of stock in a close corporation are "securities" within the meaning of section 8-319 (see *Pantel v Becker,* 89 Misc 2d 239). Accordingly, Special Term correctly ruled that an employment contract exchanging services for shares of stock constitutes a sale of a security within the meaning of section 8-319 of the Uniform Commercial Code (see *Bingham v Wells, Rich, Greene, Inc.,* 34 AD2d 924; accord *Scarpinato v National Patent Dev. Corp.,* 75 Misc 2d 94). Special Term erred, however, in ruling as a matter of law that plaintiff's performance could not be unequivocally referable to the alleged oral agreement for a joint venture since it was also referable to an oral contract of employment for an agreed salary. Performance is an exception to the Statute of Frauds as a form of equitable estoppel. Such acts must have been performed on the faith of the contract and in reliance upon the performance of the contract by the defendant; otherwise there is nothing to show that the plaintiff changed his position to his prejudice because of the contract so as to give rise to an estoppel *(Walter v Hoffman,* 267 NY 365). Where a triable issue of fact exists as to referability, dismissal on motion as a matter of law is, of course, improper (cf. *Bisbing v Sterling Precision Corp.,* 34 AD2d 427, 428). Triable issues of fact may well exist here, although no definite conclusion may yet be reached on this issue since the parties asked the court to rule on a motion to dismiss and not a motion for summary judgment. The mere fact that plaintiff received a salary for his efforts does not, as a matter of law, determine the question on this record. Special Term's ruling on unequivocal referability was improper for a further reason. Since the parties stipulated for purposes of the instant motion that there was an oral agreement between them it was unnecessary for the court to reach the issue of unequivocal referability, which comes into play only where there is a dispute as to the existence of an agreement (see *Higgins v Exchange Nat. Bank,* 142 Misc 69, 77). Special Term also erred in dismissing plaintiff's complaint in its entirety. Plaintiff alleges a trust relationship arising from a joint venture whereby defendant Vogel holds legal title to stock whose equitable title is claimed by plaintiff. The relationship alleged gives rise to a fiduciary duty on Vogel's part to preserve and protect plaintiff's interest. Plaintiff charges that Vogel breached that duty by failing to transfer the stock per their agreement and by wasting corporate assets, thereby unjustly enriching himself. We conclude on the basis of these allegations that the complaint adequately pleads a cause of action for a constructive trust in addition to the claim for breach of contract (see *Meinhard v Salmon,* 249 NY 458). This equitable claim is unaffected by section 8-319 of the code (see *Latham v Father Devine,* 299 NY 22). Margett, J. P., O'Connor, Weinstein and Thompson, JJ., concur.