■ EMIL S. MIHALKO et al., Appellants, v EDGAR C. BLOOD et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered May 6, 1981 in Chenango County, which partially granted defendants' motion to dismiss the complaint. Plaintiffs, in connection with the purchase of a 40-acre tract of land adjacent to realty owned by defendants, allegedly entered into an oral contract whereby defendants agreed to give plaintiffs a "right of way" across defendants' land so as to provide plaintiffs with access to their new property. In exchange for this "right of way", plaintiffs allegedly agreed to permit defendants to graze their cattle on the 40-acre tract and to hire defendant Edgar Blood to supervise the construction of a cabin to be built on plaintiffs' property. Plaintiffs purchased the property in March, 1979. Thereafter, in August of 1980, defendant Edgar Blood commenced an action against plaintiffs for breach of contract, essentially alleging that plaintiffs owed him money for work he had done in constructing plaintiffs' log cabin. At about the same time, defendants denied plaintiffs the use of the "right of way" across their land. In response to that suit, plaintiffs instituted the present action setting forth five causes of action. Defendants moved to dismiss the second, third, fourth and fifth causes of action on the ground that they failed to state a cause of action (CPLR 3211, subd [a], par 7) or, alternatively, that they

are barred by the Statute of Frauds (CPLR 3211, subd [a], par 5). Special Term (1) ordered the first cause of action, alleging a breach of contract, to be tried jointly with the action previously commenced by defendant, (2) dismissed the second, third and fourth causes of action, and (3) dismissed the fifth cause of action for slander with leave to replead. Plaintiffs' notice of appeal only challenges the dismissal of the second, third and fourth causes of action. Initially, we note that where, as here, a motion to dismiss made under CPLR 3211 (subd [a], par 7) is not converted to a summary judgment motion, affidavits may be received for the limited purpose of remedying a defective complaint (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636; see *Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Use of this procedural device permits judicial construction of the inartful complaint allegation of "right of way", which phrase lends itself more appropriately to the grant of a revocable license, to allege that plaintiffs acquired an easement pursuant to the oral contract, i.e., a permanent right to use defendants' property as a means of access to their land. Accordingly, we hold that the averments of the second, third and fourth causes of action are adequate to resist defendants' CPLR 3211 (subd [a], par 7) motion to dismiss for failure to state a cause of action. Turning to the alternative ground for dismissal advanced by defendants, we conclude that the complaint allegation that plaintiffs, in reliance upon defendants' representations with respect to the grant of an easement, expended the sum of $2,475 to improve the condition of defendants' access roadway may constitute "partial performance" of the alleged oral contract sufficient to immunize the complaint against dismissal on the ground that it violates the Statute of Frauds (General Obligations Law, § 5-703). A party's "partial performance" of an oral agreement conveying an interest in real property will be deemed sufficient to take such contract out of the Statute of Frauds if it is demonstrated that the acts constituting partial performance are "unequivocally referable" to said contract (*Burns v McCormick,* 233 NY 230, 232). Here, since defendants do not deny that plaintiffs spent a significant sum of money to strip and place eight inches of gravel for a distance of 1,600 feet over defendants' 12-foot-wide roadway to the point where it joined plaintiffs' land, the issue narrows to whether such an expenditure "which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership" (*Burns v McCormick, supra*) constitutes part performance of the oral contract. In our view, it does. Since we are dealing with a CPLR 3211 motion, the applicable inquiry is whether a cause of action cognizable to our law is discernible from the "four corners" of the complaint (cf. *219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509). Accepting, as we must, the complaint allegation that plaintiffs expended $2,475 improving defendants' roadway as an access route, this case is distinguishable from *Jonestown Place Corp. v 153 West 33rd St. Corp.* (53 NY2d 847), which held that the mere purchase of an adjoining parcel of land from a third party is equivocal and not sufficient to remove the bar of the Statute of Frauds. However, in the present posture of this case, we cannot apply the equitable defense of part performance since the dismissed causes of action seek money damages rather than specific performance of the oral contract (see General Obligations Law, § 5-703, subd 4; *Baldwin v Palmer,* 10 NY2d 232; *Rice v Dylan,* 39 AD2d 809 [Greenblott, J., dissenting]). Therefore, while we are constrained to affirm that part of Special Term's order dismissing the second, third and fourth causes of action, our conclusion that the allegations of the complaint adequately satisfy the equitable exception to the Statute of Frauds moves us to the view that Special Term erred in denying plaintiffs' request to replead which was made in opposition to defendants' motion to dismiss the

complaint. Order modified, on the law and the facts, by permitting plaintiffs to replead the second, third and fourth causes of action, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.