■ MAX M. FARASH, Respondent, v SYKES DATATRONICS, INC., Appellant. — Order reversed, with costs, and defendant's motion granted. Memorandum: Defendant appeals from the denial of its summary judgment motion in an action for money damages in the amount of $1,550,000 based upon breach of an oral lease. Defendant allegedly agreed to rent premises known as the Neisner Building located at 49 East Avenue, Rochester, New York, from plaintiff. Plaintiff contends that an oral agreement was reached on all material terms and conditions of the lease. Defendant, however, has raised the Statute of Frauds as a defense to the action since the lease was to be for a term exceeding one year (General Obligations Law, § 5-703, subd 2). In response to this defense, plaintiff contends that his partial performance, consisting of renovation and repair of the building in accordance with defendant's specifications, was sufficient to invoke subdivision 4 of section 5-703 of the General Obligations Law which provides: "Nothing contained in [the Statute of Frauds] abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance." Although there may be questions of fact concerning whether an oral agreement was reached and whether plaintiff's actions were unequivocally referable to the oral agreement, they need not be resolved since they relate to plaintiff's claim of part performance. The equitable claim of part performance cannot be applied in an action at law (*Mihalko v Blood,* 86 AD2d 723; see, also, *Baldwin v Palmer,* 10 NY 232; *Longo v Shaker Hgts. Dev.,* 11 Misc 2d 278; General Obligations Law, § 5-703, subd 4). Therefore, even if plaintiff could prove that an oral agreement had been reached, the Statute of Frauds would render this agreement void. All concur, except Hancock, Jr., J. P., and Callahan, J., who dissent in part, in the following memorandum.

Hancock, Jr., J. P., and Callahan, J. (dissenting). We agree with the majority that, following existing New York case law, the doctrine of part performance will not avail a plaintiff suing at law for damages arising from breach of an oral executory contract where the Statute of Frauds has been pleaded as a defense (see, e.g., *Baldwin v Palmer,* 10 NY 232, relied on in dissenting mem in *Rice v Dylan,* 39 AD2d 809; *Mihalko v Blood,* 86 AD2d 723). We must concur, then, with the dismissal of the first cause of action which asks for $750,000 based on the oral lease and defendant's failure to perform its obligations thereunder. In each of the second and third causes of action, however, plaintiff seeks $400,000 in damages not for breach of defendant's obligations under the terms of the lease but to recover the money it expended for the benefit of defendant and in anticipation of defendant's being a tenant. The second cause of action alleges that "[p]laintiff, in reliance on statements made [by] the defendant and at its request, performed work, [and] provided labor and material to the defendant"; that "[d]efendant has failed to compensate the plaintiff for monies and other expenses incurred by the plaintiff in preparing the property at 49 East Avenue to the defendant's needs"; and that "[a]s a result the plaintiff has been damaged in the amount of $400,000." The third cause of action alleges that "[p]laintiff and defendant, for valuable consideration, entered into an agreement whereby plaintiff was to and did perform work, provide labor and material for defendant at the Building"; that "[p]laintiff has performed his obligations pursuant to this agreement"; that "[d]efendant has failed to perform its obligations pursuant to said agreement"; and

that "[a]s a result plaintiff has been damaged in the amount of $400,000." Plaintiff in opposition to defendant's motion submitted sworn affidavits showing, among other things, the following: that on March 16, 1981, defendant by its chief executive officer, Robert Sykes, agreed to enter into a lease of the building, stating: "We need two floors for immediate occupancy on June 1"; that when plaintiff said that he would begin preparing the building for occupancy as soon as the parties signed the lease, Sykes stated: "Timing is critical and we would like to have you go ahead with the work. Don't worry about the lease, it will be signed and the work should not wait for the actual signing of the lease"; and that based on Sykes' promise on behalf of defendant to enter into the lease, plaintiff commenced extensive renovation work to defendant's specifications. And further: that he diverted substantial resources to the renovation effort thus abandoning business opportunities elsewhere; that he incurred extraordinary expenses due to overtime labor in an effort to meet the occupancy date; that some of the renovations, carried out to defendant's requirements, were unsuitable for use by other tenants; and that representatives of defendant made frequent inspections of the progress of the work. And that on April 2, 1981, Sykes' attorney, Stephen Fowler, instructed plaintiff to prepare not only the first two floors but the entire building for the June 1 occupancy; that on April 7, 1981, Sykes reiterated his promise that defendant would sign the lease; that, accordingly, plaintiff diverted even more resources to meet the occupancy date; and that on May 14, 1981, defendant informed plaintiff that it would not rent the building. The second cause of action alleges a contract arising from defendant's implied promise to compensate plaintiff for the work performed at defendant's request (see 22 NY Jur 2d, Contracts, §§ 446, 458; Restatement, Contracts 2d, § 4). The third sets forth an express oral contract based on an exchange of promises between the two parties (see 21 NY Jur 2d, Contracts, § 84; Restatement, Contracts 2d, § 231), i.e., plaintiff's promise to renovate the building and defendant's promise to enter into a lease of the premises. These claims are not, as in the first cause of action, based on defendant's alleged breach of specific provisions of the lease itself but rather are claims for damages arising from defendant's breach of implied and express oral contracts outside of the lease which are not within the Statute of Frauds. We note that the court in *Baldwin v Palmer* (*supra,* p 235), cited by the majority, recognized the distinction between the two types of causes of action: "The cases to which we have been referred by the counsel for the plaintiff, were cases of actions brought to recover back money paid, or for services performed, upon contracts which had been afterwards rescinded by consent of parties, or disavowed by the party sued, because not binding in law. In all such cases, the money is to be refunded, and the services rendered in part performance are to be paid for, because the contract is at an end, and the action brought for the purpose is in disaffirmance of the void contract, and not in affirmance, and with a view of enforcing it, as in the present case." (Appeal from order of Supreme Court, Monroe County, Curran, J. — lease agreement.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.