■ THOMAS BOYLAN, Respondent, v G. L. MORROW COMPANY, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered October 8, 1982 in Albany County, which denied defendants' motion to dismiss the complaint. Plaintiff in his verified complaint and affidavit alleges the following facts. Plaintiff began his employment with defendant G. L. Morrow Company, Inc. (hereinafter the corporation) in January, 1971 as a retail salesman. After March, 1978, he was employed by the corporation as a supervisor of retail sales until October, 1981, when the corporation was sold to Paragon Food Enterprises. In May, 1979, plaintiff advised defendant Gerald L. Morrow, the president of the corporation, that he was planning to leave his employment in order to start his own business. Plaintiff alleges that to discourage him from resigning, defendant Morrow offered him a raise of $100 per week, a corporate automobile together with automobile insurance coverage and reimbursement for travel expenses, and 10% ownership of the corporation. Plaintiff states that he accepted these terms and continued his employment with the corporation receiving the raise, the

car, the car insurance, the reimbursement for travel expenses and "upon information and belief, his ten percent (10%) ownership share of defendant corporation". Plaintiff, however, did not receive stock certificates from the corporation with regard to his 10% ownership of the corporation. On or about September 30, 1981, defendant Morrow advised plaintiff that the corporation was being sold to Paragon Food Enterprises. At that time, plaintiff raised the issue of his 10% stock ownership, inquiring as to the value of his 10% ownership of the corporation and as to the effect the merger would have on his 10% share. Defendant Morrow's response was a denial of this term of the alleged employment agreement. Plaintiff asserts that defendants refused to issue stock certificates equivalent to 10% ownership of the corporation. Thereafter, on or about October 5, 1981, plaintiff began employment with Paragon Food Enterprises. Plaintiff thereafter commenced this action. His causes of action are, first, for breach of contract; second, for fraud and misrepresentation; and third, for failure to pay benefits due under a pension plan. On his first and second causes of action, plaintiff seeks judgment in an amount equivalent to 10% of the value of the corporation at the time of the sale and/or merger of the corporation with Paragon Food Enterprises, plus interest thereon. Pursuant to CPLR 3211 (subd [a], pars 5, 7), defendants moved to dismiss the complaint on the grounds that the first and second causes of action are barred by the Statute of Frauds and fail to state a cause of action and that the third cause of action fails to state a cause of action. Special Term denied defendants' motion and the instant appeal ensued. In their brief on appeal, defendants limit their argument to the denial of the motion with respect to plaintiff's first and second causes of action. Further, for purpose of this appeal, defendants concede that "the allegation of Plaintiff * * * that Gerald R. [sic] Morrow offered Plaintiff * * * 10% ownership of G.L. Morrow Co., Inc., if he did not terminate his employment must be accepted as true". This being the case, we agree with Special Term that *Gross v Vogel* (81 AD2d 576) is controlling and, accordingly, affirm. Unlike *Anostario v Vicinanzo* (59 NY2d 662), where the existence of an oral contract was denied by defendant and litigated at trial, consideration of unequivocal referability is improper herein. Since the parties agree for purposes of the instant motion that there was an oral agreement between them, it is not necessary to reach the issue of unequivocal referability, "which comes into play only where there is a dispute as to the existence of an agreement" (*Gross v Vogel,* 81 AD2d 576, 577, *supra;* see, also, 56 NY Jur, Statute of Frauds, § 251, pp 359-360). In affirming, we note defendants' further argument that the complaint is fatally defective because plaintiff failed to allege that defendant Gerald L. Morrow had authority to make an offer to sell stock of the corporation. The record reveals that this argument was not raised before Special Term and thus is not properly before this court (*Matter of Van Wormer v Leversee,* 87 AD2d 942, 943; *American Ind. Contr. Co. v Travelers Ind. Co.,* 54 AD2d 679, 680, affd 42 NY2d 1041). Order affirmed, with costs. Kane, J. P., Mikoll and Yesawich, Jr., JJ., concur.

Main and Levine, JJ., concur in part and dissent in part in the following memorandum by Levine, J. Levine, J. (concurring in part and dissenting in part). Under the applicable Statute of Frauds for a sale of securities, this admittedly oral agreement to convey to plaintiff a 10% interest in the corporate defendant *"is not enforceable"* by way of action or defense" (Uniform Commercial Code, § 8-319; emphasis added). Whether plaintiff's alleged services are claimed to fall under the statutory exemption of "payment" (Uniform Commercial Code, § 8-319, subd [b]) or the common-law exception of part performance, so long as the contract is executory and not completely performed on both sides such services must be "unequivocally referable" to the oral promise alleged to have been made. Otherwise, the contract remains unen-

forceable (*Burnside & Co. v Havener Securities Corp.,* 25 AD2d 373, 375; 56 NY Jur, Statute of Frauds, § 326, pp 443-444; 3 Anderson, Uniform Commercial Code [2d ed], § 8-319:12, p 794). In *Anostario v Vicinanzo* (59 NY2d 662), the Court of Appeals reaffirmed the full rigor of the "unequivocally referable" requirement as established in *Burns v McCormick* (233 NY 230). Conduct merely suggestive of a contract is not sufficient. As stated in *Burns v McCormick* (*supra,* p 232): "There must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing * * * What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done." Plaintiff's alleged performance here is far less referable to the existence of the alleged contract than was the case in *Anostario v Vicinanzo* (*supra*). Here, his continued performance of the very same duties he engaged in as a sales supervisor prior to the alleged oral contract is readily explainable by the increase in salary and perquisites he actually received at that point. Plaintiff had the burden of pleading, as well as proving, an exception to take the oral contract out of the Statute of Frauds (see *Russell v Societe Anonyme des Etablissements Aeroxon,* 268 NY 173, 179-180; *Markey v Kelly,* 10 AD2d 650, 651). Not only is the complaint insufficient here, plaintiff's affidavit in opposition to the motion to dismiss based upon the Statute of Frauds, which does little more than reiterate the detailed allegations of the complaint, also demonstrates that there are no additional circumstances sufficient to create an issue of fact concerning whether plaintiff's acts were unequivocally referable to the contract. Defendants' concession of the existence of the oral agreement, *solely for purposes of a ruling on the validity of the complaint,* does not constitute any extrajudicial or judicial admission to take the contract out of the Statute of Frauds. Obviously, for purposes of a motion to dismiss the complaint, all of its allegations are deemed to be true. But the existence of the alleged contracts were similarly assumed on the motions to dismiss in *Russell v Societe Anonyme des Etablissements Aeroxon* (*supra*) and *Markey v Kelly* (*supra*). The dismissals of the complaints in both cases preclude reliance on defendants' solely procedural concession as to the oral promise here. Whether there actually was such an oral promise made by defendants, the complaint fails to allege any facts authorizing enforcement of that promise. As further stated in *Burns v McCormick* (233 NY 230, 235, *supra*), "The most that can be said against Mr. Halsey is that he made a promise which the law did not compel him to keep, and that afterwards he failed to keep it". Plaintiff's second cause of action based on fraudulent misrepresentation likewise fails. The only representation pleaded by plaintiff is the identical oral promise to convey a 10% stock interest alleged in the first cause of action. The only allegation of falsity is that defendant Morrow failed to keep the promise and the alleged damages claimed by plaintiff in this cause of action are the very same value of that 10% interest as demanded in the first cause of action. Clearly, then, the second cause of action represents nothing more than an attempt to allege the first cause of action in another form and thereby obtain the identical relief. When proof of an oral promise unenforceable under the Statute of Frauds is totally essential to the maintenance of a fraud action, as is the case here, there can be no recovery (*Dung v Parker,* 52 NY 494, 497; *Rogoff v San Juan Racing Assn.,* 77 AD2d 831, 832, affd 54 NY2d 883; *Club Chain of Manhattan v Christopher & Seventh Gourmet,* 74 AD2d 277, 284-286, app dsmd 53 NY2d 703; *Roberts v Champion Int.,* 52 AD2d 773, mots for lv to app dsmd 40 NY2d 805, 918; cf. *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-408). Accordingly, that portion of defendants' motion which sought to dismiss the complaint's first and second causes of action should have been granted.