■ J. LEONARD SPODEK, Appellant, v MARTIN RISKIN et al., Respondents.—In an action, *inter alia,* for an equitable accounting and to impose a constructive trust, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Dowd, J.), dated February 19, 1987, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint and (2) so much of an order of the same court, dated November 12, 1987, as, upon reargument, adhered to so much of its prior determination as dismissed the first, fourth and fifth causes of action.

Ordered that the appeal from the order dated February 19, 1987, is dismissed, without costs or disbursements, as that order was superseded by the order dated November 12, 1987, made upon reargument; and it is further,

Ordered that the order, dated November 12, 1987, is reversed insofar as appealed from, on the law, so much of the order dated February 19, 1987, as dismissed the first, fourth and fifth causes of action is vacated, and those branches of the

defendants' motion which were to dismiss the first, fourth and fifth causes of action asserted in the complaint are denied.

The plaintiff commenced this action to recover his share of the net proceeds received by the defendants from the sale of an apartment building located at 2720 Foster Avenue in Brooklyn. The plaintiff seeks the specific performance of an oral agreement for a joint venture to hold and manage real property. Pursuant to this agreement, the defendants allegedly agreed to convey a 50% interest in the subject apartment building to the plaintiff in return for the plaintiff's services as managing agent and his payment of $50,000 ($6,000 down and a note for $44,000 at 16% interest, payable in quarter-annual installments of $2,250). Two joint venture agreements were drafted, but neither was subscribed by the defendants. On October 23, 1980, the plaintiff allegedly tendered a $6,000 check and a promissory note in the sum of $44,000, bearing interest at 16%, which defendants accepted. On November 1, 1980, the plaintiff commenced his duties as managing agent and, thereafter, furnished checks to the defendants in the sum of $2,250 or a multiple thereof, in reduction of the principal and interest due under the promissory note. By August 1985 when the defendants, with the plaintiff's consent, sold the property to a third party, the plaintiff had paid the defendants a total of $46,500. After the defendants rescinded their promise to account to the plaintiff for his share of the sale proceeds, the plaintiff commenced the instant action.

By order dated February 19, 1987, the court granted the defendants' motion to dismiss the first, second, third and fifth causes of action as barred by the Statute of Frauds pursuant to CPLR 3211 (a) (5), and dismissed the fourth cause of action on the ground it failed to state a cause of action pursuant to CPLR 3211 (a) (7). Thereafter, by order dated November 12, 1987, upon reargument, the court granted leave to replead the second cause of action sounding in conversion and the third cause of action for restitution of moneys the plaintiff paid to the defendants.

We agree with the court's determination that an oral agreement for a joint venture, which has, as its object, the conveyance of an interest in real property from one venturer to another is a contract subject to the Statute of Frauds (*Najjar v National Kinney Corp.*, 96 AD2d 836; *Pounds v Egbert*, 117 App Div 756, 759). However, a party's partial performance of an oral agreement conveying an interest in real property will be deemed sufficient to take that contract out of the Statute of Frauds if it is demonstrated that the acts constituting partial

performance are "unequivocally referable" to the contract *(Anostario v Vicinanzo,* 59 NY2d 662, 664; *see also, Boylan v Morrow Co.,* 63 NY2d 616; *Mihalko v Blood,* 86 AD2d 723). In the present posture of this case, the court erred in ruling, as a matter of law, that the plaintiff's partial performance could not be unequivocally referable to an oral agreement for a joint venture because it was also referable to an oral employment contract to perform the duties of a managing agent. Where a triable issue of fact exists as to referability, dismissal on motion as a matter of law is, of course, improper. Triable issues of fact may well exist here, although no definite conclusion may yet be reached on this issue since the parties asked the court to rule on a motion to dismiss and not a motion for summary judgment *(see, Gross v Vogel,* 81 AD2d 576). A review of the record discloses that the plaintiff proffered in opposition to the defendants' dismissal motion documentary evidence of the existence of an oral joint venture agreement, including financial statements prepared and signed by the defendants' accountant, which record plaintiff's status as an owner of the apartment building. The court correctly discerned that none of the documents proffered or sought to be discovered by the plaintiff, including the defendants' tax returns, qualify as a writing that would satisfy the Statute of Frauds. Some of the documents do not comply because the writing was not subscribed by defendants or their lawful agent, who had written authorization to convey an interest in real property *(see,* General Obligations Law § 5-703 [1]; *Gross v Chappelle,* 21 AD2d 679); whereas others are also deficient due to the omission of essential terms of the agreement *(see, Snay v Wood,* 50 AD2d 651). Nevertheless, this documentary evidence of an oral joint venture agreement is probative with respect to the issue of whether the plaintiff's actions constitute part performance. Consequently, the court erred in dismissing the first and second causes of action insofar as their combined allegations suffice to state a cause of action for an equitable accounting *(see,* 1 NY Jur 2d, Accounts and Accounting, §§ 29, 34), rather than an action at law to recover damages. The latter action would not lie because the doctrine of part performance—a creation of equity—would be unavailable *(see, Papell v Calogero,* 114 AD2d 403, 404, *mod on other grounds* 68 NY2d 705; *Farash v Sykes Datatronics,* 90 AD2d 965, *mod on other grounds* 59 NY2d 500; *Mihalko v Blood, supra,* at 724; *Rice v Dylan,* 39 AD2d 809 [Greenblott, J., dissenting]; *Longo v Shaker Hgts. Dev.,* 11 Misc 2d 278).

Lastly, we find that the plaintiff also stated a cause of

action to impress a constructive trust on the proceeds from the sale of the subject apartment building. The Statute of Frauds does not bar an action for a constructive trust *(Vanasco v Angiolelli,* 97 AD2d 462). A constructive trust will be impressed when an unfulfilled promise to convey an interest in land induces another, in the context of a confidential or fiduciary relationship, to make a transfer resulting in unjust enrichment *(Sharp v Kosmalski,* 40 NY2d 119, 121; *Foreman v Foreman,* 251 NY 237, 240). Contrary to the court's finding, the plaintiff has alleged the requisite elements, including a transfer of property resulting in unjust enrichment *(see, McGrath v Hilding,* 41 NY2d 625; *cf., Matter of Wells,* 36 AD2d 471, *affd* 29 NY2d 931). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.