■ CROWN REALTY COMPANY, Appellant, v CROWN HEIGHTS JEWISH COMMUNITY COUNCIL et al., Defendants and Third-Party Plaintiffs-Respondents. DAVID FISCHER, Third-Party Defendant-Appellant.—In an action to determine the ownership of property, the plaintiff and the third-party defendant appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated October 5, 1989, which denied their motion for partial summary judgment dismissing certain related counterclaims and third-party claims asserted against them alleging, *inter alia,* a constructive trust, and for cancellation of a notice of pendency.

Ordered that the order is affirmed, with costs.

Once the party moving has demonstrated an entitlement to summary judgment, the party opposing the motion must demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action or tender a reasonable excuse for the failure to do so *(see, Zuckerman v City of New York,* 49 NY2d 557). We find that there are triable issues of fact with respect to the counterclaim to impose a constructive trust upon the property in question.

Generally, before granting the equitable remedy of a constructive trust, four elements must be established: (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119, 121; *Binenfeld v Binenfeld,* 146 AD2d 663). Notably, these elements are not rigid, but are flexible considerations for the court to apply in determining whether to impose a constructive trust *(Lester v Zimmer,* 147 AD2d 340). We find that whether, *inter alia,* the plaintiff's relationship with the defendants satisfied the initial requisite of a confidential or fiduciary relationship is a factual issue which can only be resolved at the trial *(see, Mendel v Hewitt,* 161 AD2d 849).

Moreover, we find that the Statute of Frauds does not bar a cause of action to impose a constructive trust since, by its very

nature, a constructive trust does not require a writing *(see, Spodek v Riskin,* 150 AD2d 358; *Vanasco v Angiolelli,* 97 AD2d 462). Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.