■ SALVATORE J. DENOTO et al., Appellants, v TOWN OF SMITHTOWN et al., Respondents. [641 NYS2d 558] —Appeal by the plaintiffs from an order and judgment (one paper) of the Supreme Court, Suffolk County (Seidell, J.), entered November 9, 1994.

Ordered that the order and judgment is affirmed, with costs, for reasons stated by Justice Seidell at the Supreme Court. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.

■ ZALMAN DEITSCH et al., Respondents, v DAVID FISCHER et al., Appellants. [641 NYS2d 553] —In an action, inter alia, for a judgment declaring the respective interests of the parties in a corporation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated December 28, 1994, as denied their motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, the plaintiffs' amended complaint sufficiently raised triable issues of fact, including whether the Statute of Limitations had expired, with respect to the imposition of a constructive trust, the existence of a fiduciary relationship between the parties, and a claim of fraud (see, Crown Realty Co. v Crown Hgts. Jewish Community Council, 175 AD2d 151; Fischer v Deitsch, 168 AD2d 599).

The appellants' remaining contentions relating to the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 et seq.) and Business Corporation Law § 909 are unpreserved for appellate review and, in any event, without merit.

However, we find that, under the circumstances, the respondents' request for the imposition of sanctions should be denied. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.