OPINION OF THE COURT
Thomas A. Stander, J.
The defendant, Airborne Freight Corporation (Airborne), seeks summary judgment dismissing the plaintiff’s complaint. The plaintiff’s, Jay B. Birnbaum, doing business as Jay Birnbaum Company (hereinafter jointly referred to as Birnbaum), *101 complaint seeks restitution in the amount of $47,213.21 for out-of-pocket expenses allegedly incurred by plaintiff for making improvements to premises proposed to be leased. These expenses include a new roof,, a building permit fee, architect’s plans, building materials, and legal fees. The parties concede that they never entered into a lease.
LAW
The Court of Appeals has stated that “a promisee who partially performs (e.g., by doing work in a building or at an accelerated pace) at a promisor’s request should be allowed to recover the fair and reasonable value of the performance rendered, regardless of the enforceability of the original agreement.” (Farash v Sykes Datatronics, 59 NY2d 500, 506 [1983].) The facts in Farash include that the CEO of Sykes Datatronics agreed to enter into a lease and specifically requested that the necessary work be done without waiting for the actual signing of the lease. Extensive renovations per the specifications of the defendant were done by Farash, the proposed landlord; substantial resources were diverted to the renovations effort, abandoning other business opportunities; some of the renovations were unsuitable for use by other tenants; and representatives of the proposed tenant made frequent inspections of the progress of the work. (See, Farash v Sykes Datatronics, 90 AD2d 965 [4th Dept 1982].) Based upon the factual circumstances of Farash, the Court reinstated the proposed landlord’s second cause of action to recover for the value of the work performed by Farash in reliance on statements by, and at the request of, Sykes Datatronics.
The Appellate Division of the Fourth Department recently addressed this same issue in Landcom, Inc. v Galen-Lyons Joint Landfill Commn. (259 AD2d 967). Under the facts of that case, the Court determined that “ ‘[a]ny work was merely preparatory to performance, and therefore could not constitute the basis for restitution based upon unjust enrichment * * * Moreover, there is nothing in the record, other than [plaintiffs] conclusory assertions, to support its claim that the defendants derived any benefit from [plaintiffs] work’.” (Supra, at 968, citing Farash v Sykes Datatronics, supra, and others.) The Court concluded by saying that Landcom, Inc. “ ‘undertook the work at its own risk’.” (Supra, at 968.)
In another case the Appellate Division of the Fourth Department upheld a decision to deny dismissal of a cause of action for unjust enrichment wherein the plaintiff alleged he had *102 helped defendant for two years to lay the groundwork for the acquisition of a commercial property. (Needel v Flaum, 248 AD2d 957 [4th Dept 1998].)
The Appellate Division of the Second Department determined that there are no damages in quantum meruit where plaintiff performed services without any expectation of or agreement of compensation. (Absher Constr. Corp. v Colin, 233 AD2d 279 [2d Dept 1996].) The Court found that the work performed was “merely preparatory to performance, and therefore could not constitute the basis for restitution based upon unjust enrichment.” (Supra, at 280, citing Farash v Sykes Datatronics, supra.)
SUMMARY JUDGMENT
In the instant case the plaintiff, Birnbaum, relies upon Farash (supra) to support its claim. However, the factual circumstances in the instant case are significantly different from the facts in the Farash case. Both Birnbaum and Airborne admit that there was no agreement for defendant, Airborne, to be liable for the expenses incurred in the improvements made by the plaintiff, Birnbaum. The documentation, testimony, and evidence shows that during the negotiations defendant, Airborne, required the premises to be up to code; to be watertight; and to have a smooth floor. Birnbaum sent a memo on October 28, 1997 containing its proposal for a five- or seven-year lease: such proposals listed as landlord work a roof for $53,073. On December 8, 1997 Airborne accepted the letter of intent by a letter which contained clarifications on the plaintiff’s letter of intent. On January 13, 1998 a memo from Airborne stated “I have been waiting to send the final lease documents until all issues are at rest.” The issue discussed was the roof condition. Thereafter there was significant communication wherein terms of the lease were still being negotiated.
Unlike Farash (supra), there was no definitive representation by Airborne that it was going to enter into the lease and no representation that improvements should be made prior to the actual signing of the lease; there were no substantial improvements made by Birnbaum to meet specifications of Airborne; the improvements made by Birnbaum are suitable and appropriate for any other tenant; there was no loss of other business opportunities alleged by Birnbaum; and there was no diversion of resources to complete extensive renovations required by defendant. In fact, Birnbaum replaced the roof on *103 the premises in November 1997. This roof replacement occurred prior to any type of letter of intent with Airborne and when negotiations with Airborne to lease the premises were still in their initial stages. After the roof replacement the parties were still negotiating substantive terms of the lease including length, term, and specifics.
Based upon all the evidence presented, the replacement of the roof and other out-of-pocket expenses incurred by Birnbaum were merely preparatory to performance and cannot constitute the basis for restitution. Birnbaum undertook such improvements at its own risk in the hopes of negotiating and consummating a lease with Airborne.
Airborne’s motion for summary judgment dismissing the complaint of Birnbaum is granted.