■ In the Matter of BAYSIDE CONTROLS, INC. HOWARD LIND, Petitioner; BAYSIDE CONTROLS, INC., Respondent. (Matter No. 1.) HOWARD LIND, Respondent, v AVI TELYAS, Appellant. (Matter No. 2.) [743 NYS2d 153] —In a consolidated proceeding pursuant to Business Corporation Law § 1104-a to dissolve a closely held corporation, and an action to impose a constructive trust upon 50% of the outstanding shares of stock of the corporation and, inter alia, to recover damages for breach of contract, breach of a fiduciary duty, conversion, and unjust enrichment, the defendant Avi Telyas, appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County

(Austin, J.), entered June 26, 2001, as denied those branches of his motion which were to dismiss the first through fourth, sixth, and seventh causes of action, (2), as limited by his brief, from so much of an order of the same court, dated September 7, 2001, as, upon reargument, adhered to the original determination, and (3) from an order of the same court, entered September 21, 2001, which, upon the stipulation of the parties, clarified the order dated June 26, 2001.

Ordered that the appeal from the order entered June 26, 2001, is dismissed, as that order was superseded by the order dated September 7, 2001, made upon reargument; and it is further,

Ordered that the appeal from the order entered September 21, 2001, is dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice, and leave to appeal has not been granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated September 7, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In 1985 the defendant in Matter No. 2, Avi Telyas (hereinafter the defendant), formed a corporation known as Telyas & Co., Inc. (hereinafter Telyas & Co.). The plaintiff in Matter No. 2, Howard Lind, makes no claim of entitlement to any shares of stock in that corporation. At some time prior to or during June 1986, the defendant and the plaintiff agreed to purchase and operate a number of businesses together. According to the plaintiff, the parties further agreed that if the defendant was successful in buying numerous unrelated businesses, the defendant would own 90% of all of the businesses, and the plaintiff would own 10%. But if no other businesses were acquired, each would own 50% of the first purchased company. However, according to the defendant, the terms of the agreement only provided that the plaintiff would receive a payment equal to 10% of the company's net sale proceeds if the defendant was selling the company and the plaintiff was still employed there.

In September 1986 Telyas & Co., as the buyer, and the defendant, as the sole shareholder of Telyas & Co., purchased all of the assets of Bayside Controls, Inc. (hereinafter Bayside). On the date of the closing, Telyas & Co. amended its certificate of incorporation to reflect that the corporation's name would be changed from Telyas & Co. to Bayside. The plaintiff claims that either concurrently with or shortly after the purchase of Bayside, and on a number of occasions thereafter, the defen-

dant agreed that the plaintiff owned 50% of the shares of stock of Bayside. According to the plaintiff, he and the defendant agreed, for the purpose of administrative simplicity, that the defendant would hold the plaintiff's 50% of the shares of stock in Bayside in trust for him.

The plaintiff worked at Bayside for 14 years. He claims that at some time in 1996, the defendant began taking steps to "hold him to a lesser stake" in Bayside. He further claims that in 2000, the defendant ousted him from his position of control of Bayside and disavowed his claim of ownership rights in Bayside.

Contrary to the Supreme Court's determination, we find that the statute of frauds provision, Uniform Commercial Code § 8-319, is applicable to the instant case (see Gross v Vogel, 81 AD2d 576). Nevertheless, we affirm the denial of that branch of the defendant's motion which was to dismiss the second through fourth, sixth, and seventh causes of action on the ground that questions of fact exist with respect to whether the agreement falls within one of the exceptions to the statute of frauds (see Gross v Vogel, supra; Shapiro v Shorenstein, 157 AD2d 833).

In addition, we find that the four-year statute of limitations pursuant to Uniform Commercial Code § 8-319 is applicable to the breach of contract cause of action. However, since questions of fact exist with respect to when that cause of action accrued, the court properly denied that branch of the defendant's motion which was to dismiss it on the ground that it was barred by the statute of limitations (see Jakacic v Jakacic, 279 AD2d 551; Schirano v Paggioli, 99 AD2d 802).

The Supreme Court properly denied that branch of the defendant's motion which was to dismiss the plaintiff's equitable claims on the basis of laches, since the defendant failed to allege that he was injured or prejudiced by the plaintiff's purported delay in commencing the action against him (see Skrodelis v Norbergs, 272 AD2d 316).

The branch of the defendant's motion which was to dismiss the first cause of action for the imposition of a constructive trust was also properly denied, as the plaintiff adequately pleaded the essential elements of that cause of action (see Sharp v Kosmalski, 40 NY2d 119; Spodek v Riskin, 150 AD2d 358). The plaintiff's allegations that a trust relationship existed between him and the defendant satisfied the initial requisite of pleading a confidential or fiduciary relationship (see Gross v Vogel, supra; Crown Realty Co. v Crown Hgts. Jewish Community Council, 175 AD2d 151). Moreover, the plaintiff's al-

legations that he contributed his time, money, and energy into the operation of Bayside, in reliance on the agreement and the defendant's promise to convey 50% of the shares of Bayside to him, was sufficient to satisfy the "transfer in reliance" element (*see Gottlieb v Gottlieb,* 166 AD2d 413; *Lester v Zimmer,* 147 AD2d 340). Further, questions of fact exist with respect to whether the defendant would be unjustly enriched if he were permitted to retain the benefit of the plaintiff's 14 years of service with Bayside (*see Sharp v Kosmalski, supra*).

The defendant's remaining contentions are without merit. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.